E. BARTLETT, *as Treasurer of Edwards County*, v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD CO.

1. REPEAL *by Implication.* The provisions of § 1 of the act entitled "An act to restrain the issuing of county warrants," approved March 5, 1862, (§ 222, ch. 25, Comp. Laws of 1879,) in conflict with § 181 of ch. 25, approved February 29, 1868, entitled "An act relating to counties and county officers," (§ 220, ch. 25, Comp. Laws of 1879,) are repealed by implication by said § 181 of the statute of 1868.

2. CURRENT EXPENSES; *Limit of Tax.* In counties where the taxable property is less than five millions of dollars, the board of county commissioners shall not levy a tax for the current expenses of any one year of over one per cent. on the dollar of such valuation. (Gen. Stat. 1868, ch. 25, § 181 ; Comp. Laws of 1879, ch. 25, § 220.)

*Error from Edwards District Court.*

ACTION commenced October 8, 1883, in the district court of Edwards county, by *The Atchison, Topeka & Santa Fé Railroad Company* against *E. Bartlett,* as treasurer of Edwards county. The petition alleged:

"That it is a corporation duly organized and doing business under and by virtue of the laws of the territory and state of Kansas, and that said defendant is the duly elected, qualified and acting treasurer of the said Edwards county, Kansas; that plaintiff is now, and for two years last past has been, the owner of certain personal property, to wit: Certain tracks, road-bed, right-of-way, water and fuel stations, buildings, and land on which the same are situated, adjacent to or connected with the right-of-way, machinery, rolling stock, telegraph lines and all instruments connected therewith, material on hand, and supplies provided for operating and carrying on the business of said railroad, together with moneys, credits, and all other property of said railway company, used or held for the purpose of operating its said railroad by said company, and also certain real property, a description of which is hereto attached, and marked ' Exhibit A,' all situate in said Edwards county, Kansas. And plaintiff says that it has paid all legal taxes upon said real and personal property for the year 1882, and that there have been certain illegal taxes levied upon said personal property for said year of 1882, amounting to one hundred and fifty-two and fifty-one one-hundredths ($152.51) dollars, upon a valuation of said personal property at the sum of, or value of, one hundred and fifty-two thousand five hundred and twenty-three and seventeen one-hundredths ($152,523.17) dollars; and that there have been certain illegal taxes levied upon said real property for said year 1882, to the amount of one hundred and fifty-three and twenty-seven one-hundredths ($153.27), and the nature of which is fully set forth in said ' Exhibit A,' and made a part hereof, which said taxes so levied upon real and personal property amount in the aggregate to the sum of three hundred and five and seventy-eight one-hundredths ($305.78) dollars. And plaintiff further says, that said taxes, and all of them so remaining unpaid, were illegally levied and placed upon the tax roll of said county of Edwards without color of law therefor; and plaintiff says that said defendant, as such treasurer, threatens to sell said real·property for said illegal taxes, and to issue his

warrant for said illegal taxes of said personal property, to the great and irreparable injury of said plaintiff, and will so sell said property, and issue his said warrant, unless restrained by this honorable court from so doing. And plaintiff also says, that it has no adequate remedy at law.

"Wherefore, plaintiff prays that a temporary injunction may issue, restraining said defendant, as such treasurer, from selling, or offering to sell, any of said real property described in said 'Exhibit A,' or from issuing his warrant for said illegal taxes upon the personal property hereinbefore described; and upon the final hearing hereof, that said injunction may be made perpetual, and for such other and further relief as in equity and good conscience it may be entitled to, and for costs of this action."

On December 27, 1883, the following agreed statement of facts was filed:

"It is hereby stipulated and agreed by and between the plaintiff by M. W. Sutton, its attorney, and the defendant by J. E. MacArthur, county attorney of said county, that the above-entitled cause shall be tried by this court and to all courts to which this case may be taken and carried, upon the following agreed statement of facts, to wit:

"1. That the assessed valuation of the taxable property of the county of Edwards for the year 1882 did not exceed and was less than five millions of dollars.

"2. That the board of county commissioners of Edwards county for the year 1882, levied upon the assessed valuation of the taxable property of and in said county of Edwards the sum of ten mills on the dollar for county charges and expenses or current expenses for said year 1882, and in addition thereto, for said year levied upon the said taxable property in said county, one mill on the dollar of the assessed valuation thereof for said year 1882 as a delinquent tax, under §1, art. 16, ch. 25, Comp. Laws of Kansas.

"3. That the assessed valuation of the property of plaintiff, real and personal, is in the amount aggregate as shown by petition of plaintiff in this cause filed, which is hereto attached and made part of this stipulation, and to which reference is hereby made.

"It is agreed that should the court find that the board of county commissioners had the right under the law to levy the one-mill delinquent tax for 1882 after having levied ten mills for current expenses for said year 1882, then it is agreed that

the temporary injunction heretofore granted in this case shall be dissolved, and a perpetual injunction denied and plaintiff be adjudged to pay the costs of this action; and it is further agreed, that should the court find that the board of county commissioners had no legal right to levy said one-mill tax, and that the same was in excess of their power to levy for said year 1882, then the judgment of the court shall be that the defendant be perpetually restrained from collecting or attempting to collect the tax in plaintiff's petition set forth, and that the defendant be adjudged to pay the costs. Dated this 26th December, 1883."

Trial had at the December Term of the court for 1883. Judgment was rendered perpetually restraining the defendant from collecting or attempting to collect the tax of one mill — amounting to $305.78, set forth in the agreed statement of facts — or any part thereof, and adjudged him to pay the costs.

*Bartlett*, as treasurer, excepted, and brings the case here.

*J. E. MacArthur*, and *Nelson Adams*, for plaintiff in error.

*A. A. Hurd*, and *M. W. Sutton*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The tax contested by the railroad company — $305.78 — was levied under the authority of § 1 of an act entitled "An act to restrain the issuing of county warrants," approved March 5, 1862 — § 1, art. 16, ch. 25, page 312, Comp. Laws of 1879. Said § 1 reads:

" It shall be the duty of the board of county commissioners of each county in this state to levy in each year, in addition to the taxes for other purposes, a county tax sufficient to defray all county charges and expenses incurred during such year, and 20 per centum in addition to make up for delinquent taxes of the same year; and it shall be unlawful for any board of county commissioners, or county clerk, to issue county warrants or orders, in any one year, to a greater amount than the amount of the county tax levied in the same year to defray county charges and expenses, less the amount levied for delinquencies."

In 1868, the legislature enacted the following statute:

"In counties where the taxable property is less than five

millions of dollars, the board of county commissioners shall not levy a tax for the current expenses of any one year of over one per cent. on the dollar of such valuation; and in counties where the taxable property is five millions of dollars or upwards, the tax for such purpose shall not exceed one-half of one per cent. upon such valuation in any one year, unless by direct vote of the electors of the county." (Sec. 181, ch. 25, Gen. Stat. 1868; § 220, ch. 25, page 312, Comp. Laws of 1879.)

If the former statute is in force, the additional levy of one mill on the dollar of the assessed valuation for the year 1882 was valid; on the other hand, if the provisions of the statute of 1862, inconsistent with the statute of 1868, were repealed by the latter, then the additional levy of the one mill was illegal, and its collection ought to be restrained.

Upon an examination of these statutes, it appears that the statute of 1868 covers the subject-matter of the statute of 1862, and that they are irreconcilably repugnant; therefore, we must hold that the provisions of the statute last enacted repeal those of the former, with which they conflict. (*Elliott v. Lochnane*, 1 Kas. 126.)

The judgment of the district court will be affirmed.

All the Justices concurring.