THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. LEVI WILHELM, as *Treasurer of Jefferson County,* et al.

1. TAXES; *Injunction; Parties.* Where an action is brought against the treasurer and sheriff of a county to restrain the collection of taxes levied by a school district for building and library funds, upon the ground that the levies are excessive, a final injunction will not be granted until the officers of the school district directly interested in the collection of the taxes are made parties defendant.

2. POOR; *Taxes; Current Expenses.* Taxes levied for the support of the poor under § 35, ch. 79, Comp. Laws of 1879, are to be regarded as current expenses of the county, and therefore such levies are limited under the provisions of § 181, ch. 25, Gen. Stat. of 1868, § 220, ch. 25, Comp. Laws of 1879.

*Error from Jefferson District Court.*

ACTION by *The Atchison, Topeka & Santa Fé Railroad Company* against *Levi Wilhelm,* as treasurer, and *George Davis,*

as sheriff of Jefferson county, to restrain the collection of certain taxes. Upon the filing of the petition, a temporary injunction was allowed by the district judge of Jefferson county. On June 24, 1884, the plaintiff filed the following amended petition (omitting court and title):

"Plaintiff complains of the said defendants, and for its cause of action says, that it is a corporation duly organized and existing under and by virtue of the laws of the territory and state of Kansas; that plaintiff is and was at all times hereinafter mentioned the owner of a line of railway and other personal property, in said county of Jefferson and state of Kansas; that at the time required by law, said property was assessed by the officers duly authorized thereto, in the county of Jefferson, for the year 1882, at the sum of $232,000.86; that its said property in school district number 85, in said county, was assessed in said year at the valuation of $23,362.67; that its said property in school district number 24 was assessed, in the year aforesaid, at the valuation of $24,142.57; that at the time required by law, the board of county commissioners in the year 1882 levied a tax of $12\frac{1}{2}$ mills, in said school district number 85, for a building fund; that at the time required by law, the board of county commissioners of said county levied a tax for the year 1882 of three mills, in said school district number 24, for a library fund; that at the time required by law, the board of county commissioners of said county levied a tax of two mills upon all the taxable property of said county for said year, for a poor-fund, in addition to the ten mills levied for current expenses, the said county having less than five million dollars of taxable property; that the assessed valuation of all the taxable property in said Jefferson county for the year 1882 was the sum of $3,217,000.31; that the assessed valuation of all the taxable property in school district number 24, in said county, for the year 1882, was the sum of $71,447; that the taxes assessed as aforesaid, as and for a poor-fund, would raise a sum greatly in excess of the sum of $500, were never submitted to a vote of the people, or authorized by a vote of the people of said Jefferson county at any general election at a poll open for that purpose; that plaintiff, at the time required by law, paid into the county treasury of the said county the sum of ten mills on its assessed valuation in said school district number 85 for a building fund, and also the sum of one-half a mill on its assessed valuation in school district

number 24 in said county for a library fund, the same being all the taxes legally levied upon its said property for said purpose, but it refused to and still doth refuse to pay the said excessive levy of two and one-half mills in school district number 85 for said building fund, and two and one-half mills in said school district number 24 for a library fund, and said levy of two mills upon its property in said Jefferson county for a poor-fund, for the reason that the same is illegal and not authorized by law; that the said illegal levies amounted, upon the assessed valuation of plaintiff's property as aforesaid, in school district number 85 as aforesaid, to the sum of $58.40, in school district number 24 as aforesaid $60.35, and upon its assessed valuation in said county as aforesaid the sum of $464, making a total of $582.75; that in all previous years there was levied by the board of county commissioners of the said county for the current expenses of any one of said years a tax of one per cent. or more on the dollar of the valuation of the taxable property in said county. And plaintiff further says, that the said levy of two mills upon all the taxable property in said county for the said year, in addition to the levy of ten mills for the current expenses of the said county, is illegal and void; that such excessive levy of two mills over and above the ten mills on the dollar of the valuation of the taxable property of the said county was never submitted to or authorized by a direct vote of the electors of the said county; that no levy of a tax for the said year 1882, for the current expenses of the said year, in excess of ten mills on the dollar of said valuation of the taxable property in said county, was ever submitted to or authorized by a direct vote of the electors of such county; that Levi Wilhelm, as treasurer of said Jefferson county, Kansas, on or about the 13th day of January, 1883, issued his warrant to George Davis, as sheriff of said county, for the collection of said illegal taxes, together with the penalty prescribed by law, amounting to $611.29, and said sheriff now threatens to levy upon and sell the property of this plaintiff to satisfy the same, and will do so unless restrained by this honorable court. Plaintiff further says, it has no adequate remedy at law. Therefore, plaintiff prays that the said defendants, and each of them, may be restrained from collecting or attempting to collect, selling or attempting to sell, the property of this plaintiff, and from levying the said warrant thereon, and for such other and further relief as may be proper."

The defendants demurred to the amended petition of plain-

tiff, which demurrer was sustained by the court, and the temporary injunction dissolved. Plaintiff excepted, and brings the case here.

*A. A. Hurd, W. C. Campbell,* and *Robert Dunlap,* for plaintiff in error; *Geo. W. McCrary,* general counsel.

*F. W. Gilluly,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is urged by the defendants that there is a defect of parties defendant in the petition as to the school-district taxes, and therefore that this court cannot pass upon the legality of those taxes. This view is correct. The parties defendant are under no legal obligation to defend the school districts. As the districts are directly interested in the collection of those taxes, the officers thereof should have been made parties defendant. (*The State v. Anderson,* 5 Kas. 90; *Carpenter v. Hindman,* 32 id. 601; *Gilmore v. Fox,* 10 id. 509–512; *Hays v. Hill,* 17 id. 360.)

It appears from the petition that the assessed valuation of all the taxable property in the county of Jefferson for the year 1882, was $3,217,000.31. The levy for the "poor-fund" of two mills, was in addition to the ten mills levied for current expenses. As the taxable property of Jefferson county, for 1882, was less than $5,000,000, the question is presented, whether the tax for the "poor-fund" was one of the current expenses of the county, and should therefore have been included within the ten-mills limitation. Sec. 35, ch. 79, Comp. Laws of 1879, gives the board of county commissioners authority to annually levy a tax for the support of the poor. We have biblical authority that "the poor always ye have with you," and experience shows that the expense for the support of the poor in the counties of the state is an expense to be incurred every year—in other words, an expense of the current year. Therefore, in our opinion, the "poor-fund" is simply one of the items which the county board takes into

14—33 KAS.

consideration in levying a tax for county expenses, or for current expenses. (*Comm'rs of Osborne Co. v. Blake,* 25 Kas. 356.) The statute permitting the county commissioners to levy and assess a tax for the support of the poor of their respective counties, was adopted in 1862. At that time, there was no limitation to the power of taxing for such purposes. In 1868 the legislature passed an act which limited the levy for the current expenses of any one year to one per cent. on the dollar, where the taxable property of a county is less than $5,000,-000. (Gen. Stat. of 1868, ch. 25, § 181; Comp. Laws of 1879, ch. 25, § 220; *Bartlett v. A. T. & S. F. Rld. Co.,* 32 Kas. 134.) The levy of two mills upon all the taxable property of Jefferson county for the "poor-fund," is therefore illegal, because in excess of the levy of ten mills for county or current expenses, and not having been authorized by a direct vote of the people therefor. (*Bartlett v. Railroad Company,* supra.)

It is said, however, that as the taxes levied by virtue of said § 35 cannot be applied to any other object than that mentioned therein, that this tends to show that the legislature did not place any limitation upon the power of taxing for the "poor-fund." This does not necessarily follow. The statute provides that when a judgment shall be rendered against the board of county commissioners of any county, or against any county officer, where the same shall be paid by the county, it shall be levied and collected by a tax, and when so collected, shall be paid by the county treasurer to the person to whom the same shall be adjudged. Taxes levied under this authority are held to be county expenses, or current expenses. (*Comm'rs of Osborne Co. v. Blake,* supra.) The whole course of the later legislation in the state has been to restrict and fix the limits of the taxing power, and since the adoption of said § 181, of ch. 25, Gen. Stat. of 1868, we do not think that the legislature intended that the power of the board of commissioners to levy a tax for the support of the poor should be unlimited.

The demurrer to the complaints regarding the alleged ex-

cessive levy by the school district will be sustained, but the demurrer to the levy of two mills for the "poor-fund" will be overruled.

The case will be remanded, with direction to the court below to dispose of the same in accordance with the views herein expressed.

All the Justices concurring.