MORGAN HOWARD *et al.* v. W. S. HULBERT.

**No. 12,559.**    ( *66 Pac. 1041.* )

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION — *Repeals by Implication.* While the rule is that a general act will not repeal by implication a prior special one applicable to the same matter, yet this is not an invariable rule; and where, from the general act, it is clearly apparent that the legislature intended it to apply to the matter theretofore included in the terms of the special act, it will repeal such special act by implication.

2. ——— *Negative Terms.* The reasons for such repeal are much stronger where the general act is couched in negative terms.

3. ——— *Leavenworth County Special-tax Act.* A special act permitting the county commissioners of Leavenworth county to levy on the taxable property of that county for current expenses a tax not to exceed five and one-half mills on the dollar is repealed by implication by a general act of later date, which provides that the county commissioners of *any* county *shall not* levy for current expenses in expenses in excess of five mills in counties having over nine millions of taxable property, the county of Leavenworth falling in that class.

Error from Leavenworth district court; LOUIS A. MYERS, judge.    Opinion filed December 7, 1901.    Division two.    Reversed.

*John C. Douglass*, for plaintiffs in error.

*F. P. Harkness*, and *Dawes & Wulfekuhler*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action in ejectment, based upon a tax deed issued in 1895 by the county clerk of Leavenworth county. The defendants contended that the deed was void because the tax levy of 1890, upon which the sale was based, exceeded the power of the county commissioners.

Section 181 of chapter 25, General Statutes of 1868, provided :

"In counties where the taxable property is less than five millions of dollars, the board of county commissioners shall not levy a tax for the current expenses of any one year of over one per cent. on the dollar of such valuation ; and in counties where the taxable property is five millions of dollars or upwards, the tax for such purposes shall not exceed one-half of one. per cent. upon such valuation in any one year, unless by a direct vote of the electors of the county."

In 1879 a special act of the legislature was passed authorizing the county commissioners of Leavenworth' county to levy upon all taxable property in the county for the year 1879, and for each subsequent year, for current expenses, five and one-half mills on the dollar. The law remained in this condition until 1885, when section 181 of chapter 25, General Statutes of 1868, was amended by an act ( Laws 1885, ch. 110 ; Gen. Stat. 1901, § 1853,) the title and body of which are as follows :

"An act to amend an act entitled 'An act relating to counties and county officers,' being chapter twenty-five of the General Statutes of eighteen hundred and sixty-eight, and to repeal section one hundred and eighty-one thereof.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That section one hundred and eighty-one of chapter twenty-five of the General Statutes of eighteen hundred and sixty-eight be amended so as to read as follows : Sec. 181. The board of county commissioners of any county shall not levy upon the taxable property of such county a tax for current expenses of said county of any one year in excess of the following amounts : Upon a valuation of five million dollars and under, one per cent. ; over five millions and under six millions, eight and one-half mills ; over six millions and under seven millions, seven and

one-half mills; over seven millions and under eight millions, six and one-half mills; over eight millions and under nine millions, five and three-fourths mills; over nine millions, one-half of one per cent.; provided, that the electors of the county, by a direct vote, may order an increase in such levies.

"Sec. 2.   That original section one hundred and eighty-one of chapter twenty-five of the General Statutes of eighteen hundred and sixty-eight be and the same is hereby repealed."

This act was incorporated into chapter 25 of the General Statutes of 1889, and was the general law in force in 1890, at the time of the levy for which the land in question was sold.   The levy in question was greater than one-half of one per cent. for current expenses, and Leavenworth county had more than nine millions of taxable property.

The question involved in this discussion is which law governed in the matter of the levy of the tax of 1890 in Leavenworth county, the special act of 1879 or the general law of 1885.   If the latter, then the levy was in excess of that authorized by law, and the tax deed was void when attacked as it was.   More specifically to state it, Did the general law of 1885 repeal, by implication, the special act of 1879?   The court below held that it did not, and that the tax deed under which the defendant in error claimed was good, and directed judgment in his favor.

The books unquestionably lay it down as a general rule that a general law does not by implication repeal a special act; and the argument in support of this rule is that, where the mind of the legislator has been turned toward the details of a subject and has acted upon it, any subsequent general legislation must be construed and applied with reference to, and in the light of, the special matters already provided for.

This rule comes to us with our common law. Greater reason for it manifestly exists under the English sys-tem, so largely of private grants and provisions, than under ours, more specifically hedged about with constitutional limitations; but, at best, the rule is only one of construction, and is not invariable or unchangeable; it must yield when there appear in the general act reasons sufficient to lead to the conclusion that the legislature intended the general act to be of universal application, notwithstanding the prior special one. It is stated in Endlich on the Interpretation of Statutes, section 230:

"If there be in the act, or in its history, something showing that the attention of the legislature had been turned to the earlier special act, and that it intended to embrace the special cases within the general act (and such an intent may be inferred from the fact that the provisions of the two acts are so glaringly repugnant to and radically irreconcilable with each other as to render it impossible for both to stand), something in the nature of either act to render it unlikely that any exception was intended in favor of the special act, the maxim under consideration ceases to be applicable."

In Sutherland on Statutory Construction, section 157, the rule is stated as follows:

"It is a principle that a general statute without negative words will not repeal by implication from their repugnancy the provisions of a former one which is special or local, unless there is something in the general law or in the course of legislation upon its subject-matter that makes it manifest that the legislature contemplated and intended a repeal."

Applying these rules, is it not clear that the legislature intended to make the act of 1885 apply to all counties? The General Statutes of 1868 contained a general rule, not so explicit in statement as

the act of 1885, perhaps, and that general rule has been modified by later special statutes as to some of the counties ; but in 1885 the legislature, after a trial of the system of specialized levies, different in different counties but responsive to no general rule, concluded to do away with this miscellaneous and specialized method, and enacted a law which, while recognizing the needs of different counties, should do so on a general principle, and so it said : "The board of county commissioners of *any* county shall *not levy*," etc.   What could more strongly indicate the legislative purpose to include all of the counties of the state?   To make it do less we must read into it an exception which would do violence to the positive terms of the statute.   Then, to show that all of the counties were in the legislative mind, the act goes on to catalogue them into six classes and fit a rate of taxation to the needs of each.   After all this particularity and this absolute prohibition upon the commissioners of *any* county to exceed the levy set down for their particular county, the courts may not say that this legislative command is of no force.

It will be noted further that this general statute is couched in negative terms, which, under the rule quoted from Sutherland, *supra*, makes it more indicative of the legislative purpose to have it replace all others upon this subject.

There is another consideration which we think ought to have weight.   Section 17 of article 2 of the constitution provides that "all laws of a general nature shall have a uniform operation throughout the state," and we think the court ought to assume, at least in the absence of inherent evidence to the contrary, that the legislature, in enacting a general law purporting to be of general application, did so in view

of this provision of the constitution, and intended it to have such general application, and intended thereby to substitute it for all prior laws, special as well as general. We do not overlook the rule that repeals by implication are not favored, but we are equally well aware of the rule "that where two statutes are in any respect, in both language and meaning, irreconcilably repugnant, the provisions of the statute last enacted repeal those of the former, with which they conflict." (*Elliott v. Lochnane and others*, 1 Kan. 125.) We hold, that this rule applies as well between a general and a special act as between two general ones. (*State, ex rel. Attorney-general, Relator, v. Pearcy*, 44 Mo. 159; *Willing and Mezick v. Bozman*, 52 Md. 44; *Bowyer v. Camden*, 50 N. J. L. 87, 11 Atl. 137; *Hoetzel v. East Orange*, 50 id. 354, 12 Atl. 911.) That the two acts are repugnant we may not doubt. (*Bartlett, Treas., v. A. T. & S. F. Rld Co.*, 32 Kan. 134, 4 Pac. 178.)

We conclude that the general act of 1885 repealed the special act of 1879 and that the tax levy in Leavenworth county for 1890, being in excess of the amount the commissioners were authorized to levy, the sale of the real estate in question for the delinquent taxes was unauthorized, and the deed based thereon void, when attacked as this was, and, therefore, that the court erred in rendering judgment for the plaintiff thereon.

The judgment of the district court will be reversed, and the case remanded for further proceedings.

GREENE, POLLOCK, JJ., concurring.