THE STATE OF FLORIDA *ex rel.* SCOTT M. LOFTIN, COUNTY SOLICITOR, *Plaintiff in Error* v. A. M. MC-MILLAN, CLERK CIRCUIT COURT, ESCAMBIA COUNTY, AND OF THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY, *Defendant in Error.*

1. Laws should be construed with reference to the constitution and the purpose designed to be accomplished, and in con-

nection with other laws *in pari materia*, though they contain no reference to each other.

2. Where one statute in comprehensive terms covers a subject and another later statute embraces only a particular part of the same subject, the two should be construed together unless a different legislative intent appears; and the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy if any.

3. The constitution provides that: "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law." Section 3878, of the General Statutes prescribes that the prosecuting attorney shall receive a conviction fee of five dollars for each misdemeanor. Section 3266 provides that every person convicted of carrying concealed weapons shall pay as costs, a conviction fee of ten dollars for the prosecuting officer, provided, if the party convicted is insolvent no liability shall attach to or be incurred by the counties for such ten dollar fee. Held: (1) section 3266 being a later act operates as an exception to or a qualification of section 3878 in so far as it is repugnant thereto in undertaking to prescribe a different conviction fee in misdemeanor cases of carrying concealed weapons; (2) the proviso to section 3266 is not a regulation for the payment of prescribed fees, but prescribes particular fees and is in conflict with the constitutional provision, requiring the legal costs and expenses including the fees of officers to be paid by the counties when the defendant is insolvent; (3) as the elimination of the proviso from section 3266 will cause results not contemplated or desired by the legislature in that it would increase the conviction fee in certain cases and make the counties liable therefor under the constitution where the defendant is insolvent or discharged, the whole of section 3266 is declared to be unconstitutional and void.

4. Under section 3878, the prosecuting attorney is entitled to a conviction fee of five dollars for each misdemeanor to be paid by the proper county when the defendant is insolvent or discharged under such regulations as shall be prescribed by law.

This case was decided by the court *En Banc.*

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Scott M. Loftin,* in *pro per;*

*Blount & Blount & Carter,* for defendant in error.

WHITFIELD, J.—An alternative writ of mandamus was issued in the circuit court for Escambia county, Florida, commanding the defendant clerk of the circuit court and clerk of the board of county commissioners for Escambia county to draw a warrant on the treasurer of Escambia county in favor of Scott M. Loftin, county solicitor, for five dollars as a conviction fee in a criminal prosecution in the criminal court of record for Escambia county, Florida, wherein an insolvent defendant was convicted of carrying concealed weapons or to show cause for not doing so. The defendant demurred to the alternative writ on the grounds that: (1) The county is not liable as alleged; (2) the county is not liable in any event for the conviction fee of the county solicitor for carrying concealed weapons; (3) no statute authorizes a conviction fee of $5.00 in cases of conviction for carrying concealed weapons; (4) the drawing of the warrant would be illegal, the county not being liable for the conviction fee alleged. This demurrer was sustained, the relator announced that he did not desire to amend and asked for final judgment. The defendant was dismissed without day and the relator took writ of error assigning as error the order sustaining the demurrer to the alternative writ and entering final judgment for the defendant.

The constitution of Florida, section 24 of article 5 provides for establishing criminal courts of record. Section 27 provides: "There shall be for each of said courts a prosecuting attorney. * * * His compensation shall be fixed by law."

The General Statutes of 1906 provide, Section 3877, that: "the prosecuting attorney of the criminal court of record shall be called the county solicitor." Section 3878 originally enacted in 1891; "He shall be paid two dollars per diem quarterly by the county, and conviction fees of ten dollars for each felony, and five dollars for each misdemeanor, to be paid in like manner as other criminal costs." Section 3266 originally enacted in 1901: "Every person convicted in any court in this state of carrying concealed weapons, said court having a regular or special prosecuting officer, shall pay a conviction fee of ten dollars, which shall be taxed as costs in addition to the other costs and fines imposed: Provided, however, where the party convicted is insolvent and unable to pay the costs and conviction fee that no liability shall attach to or be incurred by the respective counties for such conviction fee herein provided for."

Laws should be construed with reference to the constitution and the purpose to be accomplished, and with reference to other laws *in pari materia,* though they contain no reference to each other. Board of county commissioners of Escambia County v. Board of Pilot Commissioners of Port of Pensacola, 52 Fla. 197, 42 South. Rep. 697; State *ex rel.* v. Commissioners of Volusia County, 28 Fla. 793, 10 South. Rep. 14; Ferrari v. Board of Health of Escambia County, 24 Fla. 390, 5 South. Rep. 1; Morrison v. McKinnon, 12 Fla. 552; Heirs of Bryan v. Dennis, 4 Fla. 445.

Where one statute in comprehensive terms covers a subject and another later statute embraces only a particular part of the same subject, the two should be con-

strued together unless a different legislative intent appears; and the statute relating to the particular part of the general subject will operate as an exception to or a qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy if any.    See 2 Lewis' Sutherland Stat. Const. (2nd. ed.) §346, and authorities cited, in note 99 on page 532; 88 Am. St. Rep. 286; McGavish v. State, 34 N. J. Law, 509.

The provisions of Sections 3878 and 3266 of the General Statutes relate to the compensation of prosecuting officers including county solicitors. They should be construed together and with reference to the constitutional provisions controlling them. The general provision fixing conviction fees of county solicitors contained in section 3878 governs except where valid special provisions exist as to any subject covered by the general provision.

Section 3266 relates to a particular portion of the general subject covered by section 3878, and it is evident the law makers intended the provisions of the former section to be a qualification of, or an exception to, the general provisions of section 3878.

It is apparent that the trial court sustained the demurrer to the alternative writ upon the theory that the proviso to section 3266 relieved the county from the payment of any conviction fee where there has been a conviction for the misdemeanor of carrying concealed weapons and the convicted defendant is insolvent.

The effect of section 3266 with its proviso is an attempt to carve out of the general provisions of section 3878 the particular misdemeanor of carrying concealed weapons, and to prescribe a conviction fee of ten dollars for the prosecuting officer in such cases, to be collected out of the convicted defendant if possible; and the proviso declares that the county shall not be liable for such

prescribed conviction fee in cases where the defendant is insolvent. In short the legislature by this section has undertaken to prescribe a conviction fee to which the prosecuting officer shall be entitled in all cases of conviction for a certain misdemeanor, but to absolve the county from any liability for such prescribed fee whenever the convicted defendant proves to be insolvent and unable to pay the conviction fee. It does not provide that the prosecuting officer shall be *entitled* to such prescribed fee *only in cases where he convicts a solvent defendant;* but, by its terms it entitles the prosecuting officer to such prescribed fee in all cases of conviction for such misdemeanor whether the defendant be solvent or insolvent; and the proviso undertakes to relieve the county of liability for its payment in cases of insolvency of the convicted defendant. The proviso is clearly in conflict with the provisions of section 9 of Article XVI of the Constitution as amended in 1894, that: "In all criminal cases prosecuted in the name of the state, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law." It may be suggested that the proviso to section 3266 is only a *regulation,* but mere reading of the proviso refutes such suggestion. There is no semblance or feature of *regulation* about it. It is plainly and simply an effort of the legislature to prescribe a conviction fee for a prosecuting officer in cases of conviction for a certain misdemanor, and to absolve the county from liability for such prescribed fee whenever the convicted defendant proves insolvent. It may be further suggested that the *proviso,* being the only part of the section that offends the organic law, may be stricken down and the remainder of the section left in force, prescribing as it does, a prosecutor's fee of ten dollars. This suggestion is

clearly untenable. The legislature by section 3878 enacted in 1891, had fixed a general prosecutor's fee of five dollars in cases of conviction for all misdemeanors, including that of carrying concealed weapons. Section 3266 enacted in 1901, took out of such former general law the particular misdemeanor of carrying concealed weapons, and prescribed for it and for it only a larger conviction fee of ten dollars; but by the proviso the legislature undertook to relieve the counties from liability for such larger fee. By the terms of section 3266 then, it is patent that the intention of the legislature in prescribing this increased fee was that the county in no event should be liable for such increased fee. To strike down the proviso to section 3266 and to uphold the residue thereof would cause results not contemplated or desired by the legislature in that it would increase the conviction fee in certain cases and make the counties liable therefor under the constitution where the defendant is insolvent or discharged, when the legislature has on the face of the enactment clearly shown it did not so intend. The result is that the whole section 3266 must be held to be unconstitutional and void. See State v. Patterson, 50 Fla. 127, 39 South. Rep. 398; Hays v. Walker, 54 Fla. 163, 44 South. Rep. 747. This leaves the general provisions of section 3878 in full force and effect, and under that section the relator is clearly entitled to a fee of five dollars in all cases of conviction of a misdemeanor, including that of carrying concealed weapons; and in such cases, when the defendant proves insolvent the county is liable for such conviction fee.

The payment demanded of the county is a legal fee within the meaning of Section 9, Article 16 of the Constitution as amended, and consequently the county is liable for it.

The judgment is reversed and the cause is remanded with directions to overrule the demurrer to the alternative writ, and for further proceedings.

SHACKLEFORD, C. J., TAYLOR and HOCKER, JJ., concur.

COCKRELL, J., (*concurring.*)—I am of the opinion that the constitutional question decided by the court is not necessarily presented on this record, and that the case may be effectively disposed of on a non-constitutional ground.

The special act passed by the legislature to bring about "the Effectual and Vigorous Prosecution of the Offense of Carrying Arms Secretly," as declared in the title—Chap. 4926, Laws of 1901, doubled the fee allowed generally for conviction in misdemeanors, but declared that the "fee herein provided for," that is the double fee should not be allowed if the costs be cast against the county. There is no repealing clause in the act and the repeal by implication of the general act prescribing a fee of five dollars in all misdemeanors irrespective of the solvency of the convict is not so clear, as to impel us to hold that the legislature intended to deprive the prosecuting attorney of all compensation should one convicted of a crime which required "effectual and vigorous prosecution" prove insolvent.

This construction entitles the prosecuting attorney to the demand he is now making and brings about the same result as the majority opinion. Should he demand the ten dollar fee provided by chapter 4926, then the constitutional question would be necessarily involved.

PARKHILL, J., concurs.