CITY OF NEW SMYRNA v. ROY MATHEWSON, *et ux.*

152 So. 706.
Division A.
Opinion Filed February 5, 1934.

Francis P. Whitehair and Hull, Landis & Whitehair, for Appellant;

Fullerton & Duss and J. U. Gillespie, for Appellees.

TERRELL, J.—This appeal is from a decree of the Circuit Court of Volusia County granting a motion to dismiss a bill of complaint on the part of appellant as complainant to foreclose a paving lien against certain property owned by appellees.

It was contended in the court below that Chapter 10947, Laws of Florida, Acts of 1925, under which the paving was done and the paving lien brought in question accrued was unconstitutional, but that if not unconstitutional the said Act was repealed by Chapter 10941, Acts of 1925.

It is contended here that Chapter 10947 is a valid Act, that it was not repealed by Chapter 10941, that all proceedings had thereunder were ratified and confirmed by Chapter 15361, Acts of 1931, and that appellees are now estopped to deny the validity of said paving lien.

·Chapter 10941, Acts of 1925, is typical of many city charter Acts, enacted for the governance of municipalities in this State. It was a complete revision of the law on that subject as applied to appellant, City of New Smyrna, and repealed all laws in conflict therewith. Chapter 10947, Acts of 1925, was an Act authorizing specific improvements in the City of New Smyrna and defining the manner in which said improvements should be accomplished. By Section 25 it is in terms provided that it shall not repeal any other Act relating to the subject matter thereof, but shall be deemed to "provide a supplemental, additional, and alternative method of procedure for the benefit of said city, and shall be liberally-'construed to effectuate its purpose." Both Acts were introduced and passed in the Senate, by the same Senator on the same date within a few minutes of each other and likewise were both introduced and passed in the House by the same Representative, on the same date within a few minutes of each other. By reason of its length the former Act reached the Governor and was approved by him several days subsequent to his approval of the latter, but this fact would not work a repeal of the latter by the former as there was manifested a clear legislative intent to pass both Acts and there is a clear field of operation for both. The fact that both Acts provided different methods or details for accomplishing their purpose is not material so long as the means prescribed were reasonable and valid.

The mere fact that two statutes affect the same subject matter without positive inconsistency should not be ground for repeal of the one by the other in the absence of a clear purpose to do so. The rule is well settled that a later statute will not be held to repeal a former one unless there is positive repugnancy between them or the latter was clearly intended to prescribe the only rule which should

govern the subject treated. State, *ex rel.* Gonzales v. Palmes, 23 Fla. 620, 3 So. 171; State v. Gadsden County, 63 Fla. 620, 58 So. 232.

The challenge to the repeal of Chapter 10947 by Chapter 10941, Acts of 1925, and to the constitutional validity of Chapter 10947 under which the lien sought to be foreclosed accrued is fully answered contrary to the contention of appellee in Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507, and in Davis v. City of Clearwater, 104 Fla. 42, 139 So. 825. In addition to what we have said, the pertinent questions raised here might rest on these two cases.

For all the record discloses every essential step to the validity of the lien assaulted was complied with. When all these requirements have been met, Section 8 of Chapter 10947 requires that any person aggrieved at the assessment against his lands must appear and contest the same within thirty days, after which time he shall be precluded from doing so.

In the case at bar appellees stood by, saw the terms of the statute complied with, had their lands improved, but said nothing until this suit was brought years. after. In the absence of an equitable showing for this lack of diligence on their part we are impelled to hold that they are now estopped from doing so.

For the reasons thus stated, it follows that the judgment below must be and is hereby reversed.

Reversed.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.