STATE *ex rel.* F. F. MYERS v. FRED P. CONE, Governor of the State of Florida, *et al.,* etc.

190 So. 698
En Banc
Opinion Filed July 25, 1939

438

*Fuller Warren, Patricia Pacetti* and *John Muskoff,* for Relator;

*George Couper Gibbs,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondents.

BUFORD, J.—This is an original proceeding in mandamus. The alternative writ commands, "Fred P. Cone, Governor of the State of Florida, R. A. Gray, Secretary of State of Florida, George Couper Gibbs, Attorney General of · the State of Florida, James M. Lee, Comptroller of the State of Florida, W. V. Knott, State Treasurer of the State of Florida, Colin D. English, Superintendent of Public Instruction of the State of Florida and Nathan Mayo, Commissioner of Agriculture of the State of Florida, as and constituting the State Board of Conservation, and the State Board of Conservation, forthwith to proceed in the performance of your legal duty to convene as the said State Board of Conservation and rescind the action taken by you as such State Board of Conservation on the 3rd day of January, A. D. 1938, whereby you, as such State Board of Conservation, executed the lease dated on said date, wherein the State Board of Conservation is called the lessor and R. W. Joyner and J. W. Joyner are called the lessees, covering the following described water bottoms, to-wit:

"All of the water bottoms suitable for the propagation of oysters in all of fractional Section 25, West Half and Northeast Quarter (less F. F. Myers' Lease in the Southwest Quarter of Northwest Quarter), Section 36, Township 1 North, Range 28 East, containing approximately 400 acres; and to act upon the application filed by F. F. Myers, dated the 30th day of January, A. D. 1937, covering therein described water bottoms, to-wit: Section 25 and 36, Township 1 North, Range 28 East, Duval County, Florida, or that you appear before our Supreme Court sitting within and for the State of Florida in the court room in the City of Tallahassee, Florida, the Capital, on the 15th day of July, A. D. 1938, at 10:00 o'clock in the forenoon of that day, and show cause why you refuse to so do and have you then and there this Writ."

The contention of relator is that he is legally entitled to have the respondents grant to him a lease on the water bottoms described and to have a lease executed by respondents on the 3rd day of January to R. W. Joynes and J. W. Joyner of Duval County, Florida, cancelled and vacated because of the provisions contained in Section 1241 R. G. S., 1799 C. G. L., as follows:

"When applications are made by two or more persons for the same lands, they shall be leased to the applicant who first filed application for same, but to all applications for leases of any of the bottoms of said waters owned under the riparian laws of Florida, heretofore enacted, notice of such application shall be given the riparian owner, when known, and when not known, notice of such application shall be given by publication for four weeks in some newspaper published in the county in which the waters lie, and when there is no newspaper published in such county, then by posting such notice for four weeks at the court house

door of said county, and preference shall be given to such riparian owners under the terms and conditions herein created, when such riparian owner makes application for such water bottoms for the purpose of planting oysters or clams before the same are leased to another."

The claim of relator is based on the allegation that neither the relator nor the Joyners are riparian owners and that he filed his application for lease prior to the time when the Joyners filed their application for the lease on the same water bottoms.

The respondents contend that such right is not enjoyed by the relator because of the provisions of Sections 2 and 8 of Chapter 16178, Acts of 1933, which are, *inter alia,* as follows:

"Section 2. All duties, powers and authority vested in the State Geologist, the Shell Fish Commissioner and the State Game Commissioner, at the time of the passage of this Act, shall be vested in the said Board of Conservation, except the power of appointing and employing such help, assistants and agents as are herein provided for to carry out the provisions of this Act, which said power shall be vested in the Governor, and all duties, powers and authorities relating to the above mentioned departments or officers, vested in the Governor and Commissioner of Agriculture at the time of the passage of this Act, shall be vested in said Board of Conservation, except that the Governor shall appoint the Supervisor of Conservation who shall be the administrative head of all work under the Board and the Supervisor shall employ and appoint all other help, assistants and agents as may be deemed necessary by the Governor."

"Section 8. The said State Board of Conservation shall have and exercise the exclusive power over the water

bottoms in the State of Florida not held under some grant or alienation heretofore made, and any bottom heretofore granted if cancelled or vacated, may be leased to plant oysters or clams thereon. The said Board may lease any water bottoms in the State of Florida to any person or persons, firm or corporation, irrespective of residence or citizenship, and upon such terms, conditions and restrictions as the said Board may impose, and without limitations as to the number of acres of such, water bottoms which any person or persons, firm or corporation may lease, hold or control, except in so far as the said Board in its discretion may fix. Provided that nothing herein contained shall change, alter or modify that part of Section 1243, Revised General Statutes of Florida, with regard to the State rent or tax on leased bottoms for the culture of oysters and clams as to applications heretofore filed with the Shell Fish Commissioner of the State of Florida, and for which survey deposits were made prior to January 1st, 1933.

All applications heretofore made and now pending for the leasing of water bottoms in the State of Florida, which have not been consummated and lease executed thereon, prior to the passage of this Act, are hereby declared valid as to all applications pending on which the survey fee has been deposited prior to January 1st, A. D. 1933. Provided nothing herein contained shall give to said Board authority to lease any of the sponge beds of the State.

"Provided no lessee of the State shall be permitted to release, sub-lease, sell or transfer any such bottoms or property.

"Provided, further, nothing herein contained shall apply to leases heretofore granted or for which applications have heretofore been filed with the Shell Fish Commissioner of

the State of Florida, and for which survey deposits were made prior to January 1st, 1933."

The particular language which the respondents rely upon is: "The said Board may lease any water bottoms in the State of Florida to any person or persons, firm or corporation, irrespective of residence or citizenship, and upon such terms, conditions and restrictions as the said Board may impose, and without limitations as to the number of acres of such water bottoms which any person or persons, firm or corporation may lease, hold or control, except insofar as the said Board in its discretion may fix."

The issues are made by motion to quash the alternative writ.

The respondents contend in brief that mandamus is not the proper remedy. The motion to quash does not raise that question and respondents have cited no authority for their position.

The only question for our determination is whether or not the provisions of Chapter 16178, *supra*, repeal or supersede the provisions of Section 1241 R. G. S., 1799 C. G. L., *supra*. It appears from the wording of the latter Act that the Legislature did not intend to repeal any part of Chapter 6532, Acts of 1913, by implication, but that insofar as the subject matter here is concerned it specifically stated in Section 8 of Chapter 16178, *supra*, what provisions of the former Act, which was Chapter 6532, Acts of 1913, should be repealed or superseded. The provision contained in Section 1241, R. G. S.; 1799, C. G. L., which was contained in Section 12 of Chapter 6532, Acts of 1913, is entirely compatible with every provision contained in Sections 2 and 8 of Chapter 16178, *supra*. Therefore, there is a field for the operation of both statutes. If the provisions of Section 1241 R. G. S., 1799 C. G. L., had been inserted

in Section 8 of Chapter 16178, such insertion would have created no inconsistency or ambiguity. Therefore, we must hold that there was neither a direct nor implied repeal of the quoted provisions of Section 1241, R. G. S, 1799 C. G. L.

The rule in such matters has been repeatedly stated by this Court as it was stated in the case of State v. County of Gadsden, 63 Fla. 620, 58 Sou. 232, wherein we said:

"While the statutes may be impliedly as well as expressly repealed, yet the enactment of a statute does not operate to repeal by implication prior statutes unless such is clearly the legislative intent. An intent to repeal prior statutes or portions thereof may be made apparent when there is a positive and irreconcilable repugnancy between the provisions of a later enactment and those of prior existing statutes. But the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute. If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should each be given the effect designed for them unless a contrary intent clearly appears. Wood v. United States, 16 Peters 342; Florida E. C. R. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272; 99 Am. St. Rep. 114; State *ex rel.* Loftin v. McMillan, 55 Fla. 246, 45 South. Rep. 882; 36 Cyc. 1023, *et seq.;* Howard v. Hulbert, 63 Kan. 793, 66 Pac. Rep. 1041, 88 Am. St. Rep. 267."

See also Sanders v. Howell, 73 Fla. 563, 74 Sou. 802; City of St. Petersburg v. Pinellas Power Co., 87 Fla. 315, ·100 Sou. 509; City of New Smyrna v. Mathewson, 113 Fla. 861, 152 Sou. 706; Pillans v. Smith Co. v. Lowe, 117 Fla. 248, 150 Sou. 647.

If the allegations of the alternative writ are true, then the

relator was entitled to have the lease made to him, if the State Board of Conservation determined to make a lease of those bottoms at all, and the purported lease made to the Joyners was made without authority of law and vested no rights in the Joyners. If the lease vested no rights in the Joyners, then they have no rights to be affected by a judgment in this proceeding and are, therefore, not necessary parties to the cause.

For the reasons stated, the motion to quash is denied and respondents allowed fifteen (15) days in which to file sufficient answer or return herein, in default of which peremptory writ will issue.

So ordered.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.