PER CURIAM.
This case is on appeal from a final decree of the Circuit Court of Collier County validating an issue of general obligation bonds of Collier County in the amount of $550,-000.00. The State of Florida and citizen taxpayers of the County are appellants. The appellee is Collier County, Florida (hereafter referred to as the County).
The facts are not in dispute. By resolution adopted on March 31, 1964 the Board of County Commissioners of Collier County determined, pursuant to Chapter 315, Florida Statutes, F.S.A., that it would be expedient and in the best interest of said County to purchase a certain tract of real property located in the county to be utilized and operated as a county park, beach and recreational facility. The financing of this project is to be accomplished by issuance of said bonds secured by the full faith, credit and taxing powers of said County and/or proceeds from race track funds. Pursuant to the forementioned resolution and after notice thereof was properly given, a referendum election was held wherein the proposed project and the financing of the same were approved by the freeholders of the County.
Subsequently and pursuant to the referendum election, the Board of County Commissioners of Collier County adopted a resolution providing for the issuance and sale of the bonds in question.
Appellants’ sole contention is that Chapter 61-2038, Laws of Florida, Special Acts 1961, precludes the County from issuing the bonds and otherwise completing the proposed project. Chapter 61-2038 was enacted in 1961 and ratified by the people of Collier County in a referendum election. It created a port authority in Collier County much more limited in scope and authority than the port authorities provided for in Chapter 315, Florida Statutes, F.S.A., which was enacted in 1959 as Chapter 59-411, Laws of Florida 1959.
Chapter 315, known as the Port Facilities Financing Law, is a general law and provides that the board of county commissioners in each of the several counties of the state shall serve as a port authority. Chapter 61-2038 provides that the Board of County Commissioners of Collier County may constitute the port authority; however, the Governor, upon request of the county commissioners, may appoint other persons to serve staggered terms as the governing body of the port authority.
Chapter 315 contains express authority for the establishment of parks and recreational facilities, as well as the pledging of the County’s full faith, credit and taxing power. These powers are not vested or contemplated in Chapter 61-2038. Said chapter expressly prohibits the pledging of the full faith and credit of the county.
Appellants contend that because Chapter 61-2038, a special act, was enacted subsequent to Chapter 315, a general law, the latter was superseded by Chapter 61-2038 because said acts are in irreconcilable conflict. Hence, the County could only operate as a port authority unit under Chapter 61-2038, which does not authorize the County to issue said bonds for the purpose of *892 providing' the contemplated park and recreational facilities.
The County agrees that if Chapter 315 and Chapter 61-2038 are in irreconcilable conflict then appeallants’ position is sound. The County, however, contends that no such conflict exists because the provisions of Chapter 61-2038 authorize a substitute procedure for providing and maintaining port facilities in Collier County, (but not park, beach or recreational facilities) for that provided by Chapter 315. The chancellor agreed with the County’s contention and held that Chapter 61-2038 does not supersede or'render inapplicable to Collier County the provisions of Chapter 315, Florida Statutes, F.S.A., as to the bonds sought to be validated herein.
We affirm on the basis there is no irreconcilable conflict between Chapter 315 and Chapter 61-2038 in respect to the subject matter involved in the proposed validation. The provisions of Chapter 315 other than those relating to port facilities are not affected by the later enacted provisions of Chapter 61-2038. The provisions of Chapter 315 relating to county parks, beaches and other recreational facilities and the means for financing the same are not repealed insofar as Collier County is concerned by Chapter 61-2038.
Repeals by implication are not favored. Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294. This Court should preserve both acts, if at all possible, without subverting their evident intent. Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294; Ellis v. City of Winter Haven, Fla., 60 So.2d 620. It is well settled that an older statute is not repealed by a later statute merely because the “ * * * later statute relates to matters covered in whole or in part by a prior statute * * State v. Gadsden County, 63 Fla. 620, 58 So. 232. “If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should each be given the effect designed for them unless a contrary intent clearly appears.” State v. Gadsden County, supra. See cases cited therein and Ellis v. City of Winter Haven, supra; Stewart v. DeLand-Lake Helen. Special Road and Bridge Dist. in Volusia; County, 71 Fla. 158, 71 So. 42; American Bakeries Co. v. City of Haines City, 131 Fla. 790, 180 So. 524; State ex rel. Myers v. Cone, 139 Fla. 437, 190 So. 698; also City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769, L.R.A.1916D, 913, Ann.Cas.1915D, 99; State ex rel. Lunig v. Johnson, 71 Fla. 363, 72 So. 477; Sanders v. Howell, 73 Fla. 563, 74 So. 802; City of New Smyrna v. Mathewson, 113 Fla. 861, 152 So. 706.
It is said in 82 C.J.S. Statutes § 292, at page 499, that
“If the later statute does not cover the entire field of the first and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope.”
Only Chapter 315 authorizes the County to pledge its full faith and credit to establish such parks and recreational facilities-as are authorized therein. In the absence of appropriate language in Chapter 61-2038: expressly repealing the authority of Chapter-315 to establish beach, park and recreational facilities, there is no positive repugnancy. Said authority in Chapter 315 therefore continues in full force.
Had the provisions of Chapter 61-2038 reached not only port facilities for Collier County, but also county beach, park and recreational facilities and the means for financing the latter through the issuance of general obligation bonds secured by the full faith, credit and taxing powers of said County and/or proceeds from race track funds, the authority of Chapter 315 to provide and finance the same in Collier County would have been shorn. But the Legislature did not extend its modification of Chapter 315 that far; consequently the County was at liberty to proceed under the *893 authority of Chapter 315 to finance and provide said recreational facilities as here-inabove outlined.
In practical effect the authority to provide county beach, park and recreational facilities in Collier County under Chapter 315 remains cumulative and supplemental to the authority in Chapter 61-2038 to establish port facilities in said County.
The final decree of the Circuit Court of Collier County validating the issue of general obligation bonds of Collier County in the amount of $550,000.00 is affirmed.
DREW, C. J., and THORNAL, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.