QUESTIONS: 1. Do the provisions of s. 11.45(3)(a), F.S., as amended by Ch. 73-234, Laws of Florida, require that the Brevard Mosquito Control District retain an independent certified public accountant to conduct an annual postaudit of its accounts and records in the absence of prior notification that the Auditor General shall conduct such audit? 2. If the answer to question 1 is in the affirmative, are the provisions of s. 11.45(3)(a) retroactive and therefore applicable to fiscal years ending prior to the effective date of Ch. 73-234? 3. If the answer to question 1 is in the negative, may the Brevard Mosquito Control District provide for annual postaudit of its financial records by the Systems and Procedures Department of Brevard County pending enactment of applicable rules and regulations by the Department of Banking and Finance?
SUMMARY: Under s. 11.45(3)(a), F.S., the Brevard Mosquito Control District is required to retain an independent certified public accountant to conduct an annual postaudit of its accounts and records in the absence of prior notification that the Auditor General will conduct such audit. Section 11.45(3)(a) did not operate retroactively and did not apply to or operate on any special district's fiscal year ending prior to the effective date of Ch. 73- 234, Laws of Florida (August 5, 1973). AS TO QUESTION 1: Section 11.45(3)(a), F.S., as amended by Ch. 73-234, Laws of Florida, provides, inter alia, that: The authorities, boards, branches, bureaus, commissions, consolidated governments, departments, institutions, metropolitan governments, offices, and officers of counties and districts other than those county agencies as defined in this section shall have the power and duty to require that an annual postaudit of their accounts and records shall, within six months after the end of their respective fiscal year, be completed by an independent certified public accountant retained by them and paid from their public funds, except when prior notification by the auditor general or the legislative auditing committee indicates that the auditor general shall conduct the audit. (Emphasis supplied.) An examination of the definition of the term "[c]ounty agency" in s. 11.45(1)(e), F.S., reveals that special districts, such as mosquito control districts, are not included within such definition and are, accordingly, within the scope of the above-quoted requirements of s. 11.45(3)(a), F.S., and must — except when notified that the Auditor General will conduct an audit — arrange for an annual postaudit by an independent certified public accountant. The above-quoted mandate of s. 11.45(3)(a), F.S., is stated in clear and unambiguous terms. However, in your letter you suggest the possibility of a conflict between s. 11.45(3)(a) and s. 218.34(5), F.S., which latter section provides: Each special district shall make provision for annual postaudit of its financial accounts in accordance with the rules of the department [of banking and finance]. (Emphasis supplied.) As you note in your letter, the act creating s. 218.34(5), F.S., was approved by the Governor 4 days after the approval of the act which amended s. 11.45(3)(a), F.S. Accordingly, in the event of a positive repugnancy between s.11.45(3)(a), F.S., and s. 218.34(5), F.S., the latter provision would control as being the last expression of the legislative will under the rule of statutory construction set forth in State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965) and Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). However, such rules of construction are applicable only when there is a positive repugnancy or irreconcilable conflict between two statutory provisions, which does not appear to be the case here. Cf. Tamiami Trail Tours v. City of Tampa, 31 So.2d 468 (Fla. 1947). Whenever possible, statutory provisions should be harmonized and should be construed in a manner which will give meaning to and preserve the effect of each provision. State v. Collier County, 171 So.2d 890 (Fla. 1965); City of Indian Harbor Beach v. City of Melbourne, 265 So.2d 422 (4 D.C.A. Fla., 1972). And it is also well settled that in determining the meaning to be given to a statute, other statutes in pari materia must be examined. State ex rel. Harris v. Bowden, 150 So. 259 (Fla. 1933); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); Markham v. Blount, 175 So.2d 526 (Fla. 1965). Application of these rules of statutory construction to s. 218.34(5) requires that the language of this section be read in pari materia with s.218.33(2), F.S., which provides: The department [of banking and finance] is empowered and authorized to make such reasonable rules and regulations regarding uniform accounting practices and procedures by units of local government in this state, including a uniform classification of accounts, as it deems necessary to assure the use of proper accounting and fiscal management techniques by such units. When read in light of the above-quoted provisions, it seems clear that the "rules" referred to in s. 218.34(5), F.S., are the rules authorized by s. 218.33(2), F.S., and not additional rules on such matters as in what manner, and by whom, a postaudit will be conducted. As thus construed, there is no conflict between s. 218.34(5) and s. 11.45(3)(a), F.S., and the effectiveness of both is preserved. You also suggest the possibility of a conflict between s. 11.45(3)(a), F.S., and s. 388.331, F.S. The latter section provides that mosquito control districts "shall set up and maintain books and records under a method approved by the auditor general and be subject to audit by same." (Emphasis supplied.) No inconsistency exists between s.11.45(3)(a) and s. 388.331. Under both provisions, the books and records of a district are subject to audit by the Auditor General, but under neither is the Auditor General required to perform such an audit. In any event, were it to be concluded that an irreconcilable conflict existed between s. 11.45(3)(a) and s. 388.331, the former, being the last expression of the legislative will, would control. State v. City of Boca Raton, supra; Ideal Farms Drainage Dist. v. Certain Lands, supra. Further, insofar as s. 388.331 might be construed as not requiring an annual postaudit of the district's accounts and records — either by the Auditor General or an independent certified public accountant — it would be irreconcilably repugnant to the clear legislative mandate of s.11.45(3)(a). Cf. AGO 074-169. Your first question is, therefore, answered in the affirmative. AS TO QUESTION 2: It is now well settled that "a statute is not to be given retrospective application unless it is required by the terms of the statute or is unequivocally implied." Keystone Water Co., Inc. v. Bevis,278 So.2d 606 (Fla. 1973). See also Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973). There are no terms contained in Ch. 73-234, Laws of Florida, requiring its retroactive application, nor is there any basis upon which to imply that its provisions were intended to operate retrospectively. Therefore, this act should be given prospective application only, and it does not apply to or operate on any district's fiscal year ending prior to the effective date of Ch. 73-234, supra (on the 60th day after the adjournment sine die of the 1973 Regular Session of the Legislature, August 5, 1973). AS TO QUESTION 3: In view of the answer to question 1 above, question 3 does not require an answer.