STATE, *ex rel.* CITY OF ST. PETERSBURG v. R. H. NOEL.

154 So. 219.

Division B.

Opinion Filed April 12, 1934.

*W. F. Way, Carroll R. Runyon* and *Lewis T. Wray,* for Relator;

*S. Henry Harris* and *Raney H. Martin,* for Respondent.

BUFORD, J.—This was a proceeding in quo warranto brought by the relator to test the right of R. H. Noel to occupy, and perform the functions of, the office of Chief of Police of the City of St. Petersburg.

The controlling question to be determined is whether or not Chapter 15515, Special Acts of the Legislature of 1931, being: "An Act Creating a Civil Service Board for the City of St. Petersburg, Florida, Defining its Membership, Powers and Duties; Designating the Members of the Police and Fire Department who are Within the Terms of this Act; Providing for a Referendum on said Act and when said Act shall take Effect and Other Matters in Regard Thereto," is the legislative Act which must be looked to for authority to remove the chief of police from office.

The record shows that the referendum election provided for in the Act was held in accordance therewith and resulted in the approval of the Act by the voters in such election.

Chapter 15515 was a special Act and referred to particular subjects. It is contended that the provisions of this Act were superseded by Chapter 15505 which was a general charter Act of the City of St. Petersburg. The Charter Act appears to have been approved May 30th, 1931. The Act creating the civil service board was approved May 12th, 1931.

In Section 10 of the Charter Act it is provided: "All persons holding office in, or employed by, any department. division or board of the City at the time this charter goes into effect shall continue in office or employment and in the

performance of their duties until provisions shall otherwise have been made."

Section 10 otherwise provides, in part, as follows:

"POWERS AND DUTIES OF THE CITY MANAGER. (a) The City Manager shall be responsible to the City Council for the proper administration of all administrative affairs of the City, and shall have the power to appoint and remove all officers and employees and members of Boards, including the heads of all departments and divisions and boards in the administrative service of the City; but the City Manager may authorize the head of any department or division or board to appoint and remove subordinates in such department, division or board. Appointments made by or under the authority of the City Manager shall be wholly on the basis of executive and administrative ability and training and experience of such appointees in the work which they are to perform. All such appointments shall be made without definite term. All officers and employees or board members appointed by the City Manager or under his authorization may be removed by him or by the officer by whom appointed at any time. The decision of the City Manager or other authorized officer in such case shall be final, and there shall be no appeal therefrom to any other officer, body or court whatsoever, provided however that the provisions hereof shall not apply to Civil Service employees."

Then follows the designation of numerous powers and duties of the city manager.

Now the Act creating the Civil Service Board, *supra*, provides, in part, as follows:

"Section 1. The members of the Police and Fire Departments of the City of St. Petersburg, Florida, after the passage and final approval of this Act, shall be and are

hereby constituted Civil Service Employees of said City and shall be employed, retained, governed, and discharged as hereinafter provided. Members of the Police and Fire Departments, for the purposes of this Act, shall be construed to include all persons regularly employed by said City as Police Officers and Firemen, including the Chief of the Police Department and the Chief of the Fire Department, the Captains and Policemen and Firemen below the grade thereof, and those persons or members of said departments engaged in clerical work solely for said departments, but not including any Policemen, Firemen or other persons employed for temporary duty.

"Employees of said City, coming within the provisions of this Act, shall be employed on merit and fitness and the merit and fitness of the applicant shall be determined by competitive examination as hereinafter provided in this Act."

Section 4 is as follows:

"The Civil Service Board shall adopt, enact, amend, and enforce the code of rules and regulations, providing for the appointment and employment in all positions in the Civil Service based on merit, efficiency, character and industry, which shall have the force and effect of a law on said employees; shall make investigations concerning the enforcement and effect of this Act and of the rules adopted. It shall make an annual report to the Board of City Commissioners of the City of St. Petersburg, Florida."

Sections 12, 13 and 14, provide as follows:

"12. The discharge of a permanent employee other than at the end of a probationary period shall not become effective until the appointing authority shall have first served upon such employee a written notice of discharge which shall contain one or more reasons or grounds for discharge

together with such specifications of facts as will enable said employee to make an explanation and place him fairly upon his defense, giving such employee an opportunity to make an explanation, and file with the Civil Service Board a copy of such notice of discharge together with the explanation, if any, made by the employee.

"Section 13. A discharged employee may appeal to the Civil Service Board for a hearing within ten calendar days from the time he was served with notice of discharge as shown by such notice. The Board shall hear the appeal within thirty (30) days from the date that such appeal shall have been so filed with the Board. Written notice shall be given to the person so removed and to the appointing authority of the time and place of hearing the appeal, which hearing shall be open to the public.

"Section 14. The Board shall hear the evidence upon the charges and specifications as filed with it by the appointing authority and officer. No material amendments of or addition to said charges or specifications will be considered by the Board. The proceeding shall be as informal as is compatible with justice. The order of proof shall be as follows: The appointing authority shall present his evidence in support of the charges. The appellant shall then produce such evidence as he may wish to offer in his defense. The parties in interest may then offer rebuttal evidence. The Board in its discretion may hear arguments. The admission of the evidence shall be governed by the rules applied by the Courts in civil cases. The Board shall have the power to subpoena and require the attendance of witnesses and the production of pertinent documents, and to administer oaths. The appointing authority may be represented by the City Attorney or other counsel. The Appellant may also be represented by counsel, and the Board

shall, after due consideration, render its judgment affirming, disaffirming or modifying the action of the appointing authority."

The Relator admits that the provisions above quoted were not complied with; that the respondent was the Chief of Police of the City of St. Petersburg at the time that both legislative Acts became effective. It is alleged, however, that his removal, if removal was necessary, was accomplished under the provisions of Chapter 15505, *supra*.

We think that both legislative Acts have a clear field for operation. We further entertain the view that it was not intended that the provisions of Chapter 15505 should supersede or adversely affect the provisions of Chapter 15515. It appears that the administrative construction by the city officials was in harmony with this view, because after both Acts were approved by the Governor and the charter Act became effective the referendum election was called and held under the provisions of Chapter 15515.

The relator otherwise contends, however, that no removal was necessary because, as the city contends, the office of chief of police was abolished by the police department and the fire department being combined as the department of public safety by direction of the city manager under the provisions of Chapter 15505. We think this position is untenable and that the provisions of that Act did not apply when in conflict with the provisions of the Act creating the civil service board. We hold this not only because we gather this intent from the contents of the two Acts, but also by application of the rule which is well settled, that statutes passed by the same session of the Legislature are to be taken *in pari materia* and to receive a construction which will give effect to each, if possible. State v. Volusia County, 28 Fla. 763, 10 Sou. 14; Fla., etc., Ry. v. Pensacola,

10 Fla. 145; and that statutes *in pari materia* should be construed together and the evident intention of the Legislature must govern. Stewart v. DeLand, etc., Road & Bridge Dist., 71 Fla. 158, 71 Sou. 142, and cases there cited.

In State v. McMillan, 55 Fla. 246, 45 Sou. 882, we said: "Laws should be construed with reference to the Constitution and the purpose designed to be accomplished, and in conection with other laws in *pari materia,* though they contain no reference to each other.

"Where one statute in comprehensive terms covers a subject and another later statute embraces only a particular part of the same subject, the two should be construed together unless a different legislative intent appears; and the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any."

It appears to us that applying the rules above referred to we find that the office of Chief of Police of the City of St. Petersburg comes within the purview of Chapter 15515, *supra,* and the removal of such officer from office is controlled by the provisions of that Act and not by the provisions of Chapter 15505, *supra.* The record showing that the provisions of Chapter 15515 have not been complied with, it follows that the necessary steps have not been taken to deprive the respondent of the right to hold, occupy and discharge the duties of and pertaining to the office of Chief of Police of the City of St. Petersburg, Florida.

For the reasons stated, the writ of quo warranto is quashed and the cause dismissed.

So ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS, J., concur in the opinion and judgment.