## THE STATE, FREDERICK HOETZEL ET AL., PROSECUTORS, v. THE INHABITANTS OF EAST ORANGE.

1. The special legislation relating to making assessments in East Orange is repealed by the general law of March 9th, 1877, which repeals all inconsistent legislation. This act, to be constitutional, must be general, and if general it must include and apply to East Orange, and necessarily sweep away all legislation inconsistent with it.
2. Assessments in East Orange must be made in accordance with the general law of 1877.
3. The act of 1878 (*Pamph. L., p.* 70) applies only to those municipalities in which a "board of commissioners" has power to make local improvements and impose taxes.

---

On *certiorari*. In matter of assessments.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *John H. Meeker, Jr.*

For the defendant, *Frederic Adams.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case certifies an assessment for benefits resulting from the opening of South Arlington avenue, a new street, in the township of East Orange. The assessment was made under the authority of three acts of the legislature, namely, "An act to provide for and regulate street improvements in the township of East Orange, in the county of Essex," approved March 31st, 1871 (*Pamph. L., p.* 1043), supplement approved April 3d, 1873 (*Pamph. L., p.* 600), "An act respecting assessments for local improvements in towns and townships," approved March 23d, 1883 (*Rev. Sup., p.* 548).

The relators claim that an act passed March 9th, 1877 (*Pamph. L., p.* 227), supersedes the previous private acts, and that therefore the assessment should have been made in accordance with that act.

In *Van Riper* v. *North Plainfield,* 14 *Vroom* 349, this court held the act of 1877 to be constitutional, and therefore if it repeals the prior special legislation the proceedings in this case must fall.   The sixth section of the act of 1877 repeals all inconsistent legislation.   The provisions in the special acts of East Orange, under which these assessments are made, are inconsistent with the provisions of the act of 1877.   The last-named act, to be constitutional, must be general, and if general it must include and apply to East Orange, and therefore necessarily sweep away all special legislation in conflict with it.   A law applying to some townships and excepting others from its operation is not a general law.   The intention to pass a special and therefore unconstitutional law will not be imputed to the legislature when the law is general in form and the language used is broad enough to embrace the entire class to which it relates.   *Bowyer* v. *Camden,* 21 *Vroom* 87.

The first section of the act of 1877 relates to improvements made in any township of this state, under and by virtue of the provisions of any special law. The second section provides that in all cases in which an assessment for costs, damages and expenses, which have been heretofore incurred or which may be hereafter incurred, for any public improvement in any such township, authorized by any special law as aforesaid, shall be necessary, proceedings shall be taken as in said act of 1877 are prescribed.

The improvement in this case is authorized by the special law relating to East Orange, and therefore it is expressly brought within the form of procedure provided by the law of 1877. Under the special law the commissioners of assessment are to be appointed by the township committee. Under the general law that power is lodged in the Circuit Court of the county, which has power to hear objections to the assessment when made, and to refer it back for correction. In this substantial and material respect the special law and the general law differ, and the former must therefore give place to the latter.

The law of 1878 (*Pamph. L.*, *p.* 70) we think applies only to those municipal corporations in which a "board of commissioners" has power to make local improvements and impose taxes, and does not, therefore, apply to East Orange.

The assessment in this case, not having been made in pursuance of the act of 1877, must be set aside.