## HEYLER v. CITY OF WATERTOWN.

In Laws 1893, c. 150, providing that "any city shall have full power to construct a system of sewerage," and that the expense of sewers constructed under the provisions of the act shall be paid by special assessments, the word "any" is used in the sense of "every," and the act applies to cities organized under special charters as well as to those organized under the general law.

(Opinion filed July 2, 1902.)

Appeal from circuit court, Codington county. Hon. JULAN BENNETT, Judge.

Action by Edward W. Heyler against the city of Watertown. From a judgment for defendant, plaintiff appeals. Affirmed.

*Wilbur S. Glass*, for appellant.

The city of Watertown being a chartered city and existing under a special charter is not governed by chapter 150, Session Laws of 1893, but is governed by the special act incorporating the city of Watertown and in the construction of sewers is governed by subdivision 9 of section 7, of the charter. State v.

Powers, 5 S. D. 627; State v. Stoll, 17 Wall, 425; Dillon Mun. Corp. § 4; City of Janesville v. Markoe, 18 Wis. 350; Supervisors v. Whitewater, 17 Wis. 194; Wood v, Commissioners, 58 Cal. 563; Benson v. Waukeska, 41 N. W. 1017.

*H. G. Hundredmark,* for respondent.

CORSON, J. This is an appeal from a judgment. The action was brought by the plaintiff to enjoin the city of Water· town from constructing a system of sewerage. A demurrer to the complaint was sustained. The only question to be determined is, are the provisions of chapter 150 of the Session Laws of 1893 in force in the city of Watertown? that city being organized under a special charter, and not having become reorganized under the laws for the incorporation of cities enacted in 1890. The appellant contends that, as the city of Watertown is a city existing under a special charter, the provisions of the law of 1893 are not in force in that city. Respondent on the other hand, contends that the act of 1893 is general, and that it includes the city of Watertown, as well as other cities of the state. The act of 1893 referred to is entitled "An act to provide for constructing systems of sewerage in cities, and for the assessment and collection of the costs thereof." The first section provides, "Any city shall have full power to construct systems of sewerage in such manner and under such regulations as the city council shall deem expedient." The act proceeds, in its various sections, to define the proceedings necessary, and declares that the expense of any sewers constructed under the provisions of the act shall be paid by special assessment on the several lots or parts of lots or parcels of land benefited thereby. By the charter of the said city under which

the same was organized in 1885, the said city had no power to pay for the construction of sewers by the levy of special assessments against the lots fronting upon the streets and avenues along which the sewers are constructed. It was authorized, however, to establish a system of sewerage and drainage in the city, and regulate the use and purification of sewers and drains and aqeducts. As the city council was proceeding to construct the system of sewers, under the Laws of 1893, through streets upon which the plaintiff owned property, he sought to enjoin the city from carrying into effect the city's contemplated sewerage system. We are of the opinion that the law of 1893 applies to the city of Watertown, and that the charter of said city is so far modified as may be necessary to carry into effect the provisions of the law of 1893. It will be observed that the language of section 1 of the act is general, and is as follows: "Any city shall have full power to construct systems of sewers in such manner and under such regulations as the city council shall deem expedient." It is true, it uses the term "any city," but the term "any" as here used, evidently means "every," as the word "any" is frequently construed to mean "every." And. Law Dict. p. 62; Davidson v. Dallas, 8 Cal. 239. And "any," as used in this section, is evidently used in the same sense as the word "any" in section 5, art. 13, of the state constitution which provides, "Any city, county, town, school district or any other subdivision incurring indebtedness shall at or before the time of so doing provide for the collection of an annual tax," etc. That the provisions of the constitution apply to all cities does not admit of doubt. Giving to the term "any" this construction, it would apply to all of the cities of the state, whether organized under

special charters or under the general laws of the state. The act does not in effect repeal any of the powers conferred upon the city of Watertown for the construction of sewers, but simply provides for a more definite system; thereby adding to the powers conferred upon said city by its special charter. It is competent for the legislature to confer additional powers upon cities organized under special charters. Tripp v. City of Yankton, 10 S. D. 516, 74 N. W. 447. The claim of appellant seems to be that it was not the intention of the legislature by the act of 1893 to make any change in the charter of cities organized under special charters. We are, inclined, however, to take a different view. We are unable to discover any reason why the legislature should have enacted the law of 1893 for a part of the cities of the state, and omitted others. The reason that would exist for more special powers in some of the char tered cities of the state upon the subject of sewers would apply to all cities; hence not only by the language of the act of 1893, but on the ground of public policy, it was manifestly the intention of the legislature to include all of the cities of the state. The framers of the constitution manifestly intended that all laws, as far as possible, should be general; and hence by section 23, art. 3, it has prohibited the passage of special laws in a number of cases, and by the last clause of subdivision 11 it is provided that "in all other cases where a general law can be applicable no special law shall be enacted." And the legislature, in carrying into effect the intention of the framers of the constitution as expressed therein, will not be presumed to have enacted a special law when a general law would be applicable. Hence this court would not feel at liberty to interpolate into the law an exception of the cities incorporated by special char-

ters, where the legislature itself has not made exception. Bowyer v. Camden, 50 N. J. Law, 87, 11 Atl. 137; Hoetzel v. East Orange, 50 N. J. Law, 354, 12 Atl. 911; Eichels v. Railway Co., 78 Ind. 261, 41 Am. Rep. 561; Thomason v. Ruggles, 69 Cal. 465, 11 Pac. 20; Bruce v. City of Pittsburg, 166 Pa. 152, 30 Atl. 831; Com. v. Macferron, 152 Pa. 244, 25 Atl. 556, 19 L. R. A. 568.

The appellant has cited a number of cases in which courts have held that certain provisions of their general law did not apply to cities, the court's conclusion being that the legislature did not intend to make the law applicable to cities. But in the case at bar it is quite clear that the legislature did intend to make the law of 1893 applicable to all cities. Our conclusion is therefore that the law of 1893 is in force in the city of Watertown. The court was clearly right, therefore, in sustaining the defendant's demurrer to the complaint, and the judgment of the court below is affirmed.