## COUGHRAN v. CITY OF HURON

1.  The circuit court has jurisdiction of a proceeding by plaintiff to have a certain quarter section of land belonging to him disconnected from defendant city.

2.  Pol. Code, § 1609, provides that on petition in writing signed by not less
    than three-fourths of. the legal voters, and by the owners of not less than
    three-fourths in value of the property in any territory in any incor-
    porated city or town, and being upon the border and within the limits
    thereof, the city may disconnect and exclude such territory from such
    city.   Held, that where it affirmatively appeared from the petition that
    there was no person residing on the property sought to be excluded,
    and the petition was signed by the sole owner thereof, the statute was
    complied with.

3.  Pol. Code, § 1609, relating to the disconnection of territory from a city,
    applies to a city operating under a special charter.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Beadle county; Hon. A. W.
CAMPBELL, Judge.

Petition by Frank R. Coughran against the city of Huron,
a corporation, to have a certain quarter section of land ex-
cluded from the city.   Judgment for plaintiff.   Defendant
appeals.   Affirmed.

*John Wood* and *A. B. Fairbank,* for appellant.

*W. A. Lynch,* for respondent.

CORSON, J.   This is an appeal from a judgment in favor
of the plaintiff, disconnecting and excluding a quarter section
of land belonging to him from the defendant city.   There
being no bill of exceptions, the only questions to be considered
are those presented by the judgment roll.   A demurrer was
interposed to the petition filed by the plaintiff upon the
grounds: (1) That the court had no jurisdiction of the subject
matter of the action; (2) that the petition did not state facts
sufficient to constitute a cause of action; and (3) that the de-
fendant, operating under a special charter, was not affected by
the statute relating to the disconnecting of territory from a

city. The demurrer was overruled, and the defendant duly excepted, and, the same being a part of the judgment roll is before us for review. Section 319, Code Civ. Proc.

The appellant contends that its demurrer should have been sustained upon the three grounds stated. The question presented by the first contention, that the court had no jurisdiction, was settled by this court in the case of Pelletier v. The City of Ashton, 12 S. D. 366, 81 N. W. 735, and a review of that decision satisfies us that it is fully sustained by the authorities.

The second contention, that the petition does not state facts sufficient to constitute a cause of action, in that it fails to show that the petition was signed by three-fourths or any voters, and that the plaintiff was a resident of the state, presents a question of more difficulty. Section 1609, Pol. Code, provides that on petition in writing, signed by not less than three-fourths of the legal voters, and by the owners of not less than three-fourths in value of the property, in any territory within any incorporated city or town, and being upon the border and within the limits thereof, the city may disconnect. and exclude such territory from such city. And by section 1611 it is provided that, upon the failure of the city council to grant the request, the petitioner may present the petition to the circuit court, and that, if upon a hearing the court shall find that the request of the petition ought to be granted, it shall be so granted. It affirmatively appears from the petition presented to the circuit court that no person resided upon the quarter section of land sought to be disconnected, and of course, therefore, the petition could not be signed by any persons as voters. The petition, as above stated, was signed by

17 S. D.—16

the sole owner of the property, and in that respect complied with the statute. The legislature, in enacting the law, evidently contemplated that a number of parties owning land within the territory sought to be excluded would join in a petition, and it also contemplated that there might be legal voters within the said territory so sought to be disconnected, and hence the provisions were so framed as to include that class of cases. But where, as in the case at bar, only one owner petitions, and no person resides upon the property sought to be disconnected, there cannot be a literal compliance with the statute. It will be noticed, however, that there is no limitation as to the extent of territory that may be disconnected and excluded, the only limitation being that the provisions of the section shall only apply to lands not laid out into city or town lots or blocks, and shall be on the border and within the limits of the city. We are of the opinion, therefore, as it affirmatively appears that there was no legal voter residing within the territory sought to be disconnected and excluded, the case comes within the statute, notwithstanding that the petition is signed only by the owner of the property. Such, evidently, was the intention of the Legislature, and "the intent is the vital part, the essence of the law." Sutherland on Statutory Construction, § 234 *et seq.* Certainly the Legislature could not have intended that parties should be deprived of the right to have property owned by them disconnected and excluded from a city, which property is vacant and unoccupied, unless other parties join with them whose property is occupied, and upon which there are residing legal voters who join in the petition. It is evident that the intention of the Legislature was to permit any person owning lands upon the border with-

in the limits of a city to have his property disconnected and excluded from the said city, but, when there are legal voters residing within such territory, three-fourths of the said voters must also sign the petition, and, when the territory sought to be excluded includes the property of a number of persons, at least three fourths of the owners in value of such property must sign the petition. Thus construed, the statute protects the rights of all, and carries into effect the evident intent of the Legislature.

The last contention of the counsel, that as the defendant city was operating under a special charter the law is not applicable to it, is clearly untenable. As a city operating under a special charter is not excepted in the law, it is not competent for this court to interpolate such an exception therein. Heyler v. City of Watertown 16 S. D. 25, 91 N. W. 334. The circuit court was therefore clearly right in overruling the demurrer.

The judgment of the circuit court is affirmed.