WEILAND V. CITY OF ASHTON.

Under Rev. Pol. Code 1903, § 1511, relating to the detachment and exclusion of territory from incorporated cities, and providing that upon the failure of the city council to grant the request contained in a petition in the statutory form after thirty days, or upon refusal to grant such request, the petitioners may presént their petition to the circuit court, the circuit court has no jurisdiction of an action which does not show that it has been presented to the city council, or is not properly entitled, designating the parties plaintiff and defendant, or from which it does not affirmatively appear that all of the preliminary steps before

the city council have been taken in strict conformity with the statute. HANEY, J., dissenting.

(Opinion filed Feb. 3, 1904.)

Appeal from circuit court, Spink county; Hon. J. H. McCoy, Judge.

Action by Julius Weiland against the City of Ashton. From a judgment for plaintiff, defendant appeals.    Reversed.

*D. W. Pointdexter* and *A. W. Campbell*, for appellant.

*Sterling & Clark*, for respondent.

FULLER, J.    On the 1st day of July, 1902, plaintiff filed with the clerk of the circuit court of Spink county the following paper, together with an affidavit stating that the same had been published for four successive issues in the Spink County Chronicle; the first publication being April 25, 1902, and the last May 16, 1902: "Petition for the exclusion of certain real estate from the corporate limits of the city of Ashton, Spink county, S. D.   To the Honorable City Council of the City of Ashton, Spink County, S. D.: (1) The undersigned, your petitioner, respectfully represents that he is the sole and exclusive owner of the following described land, to-wit: The west half ($\frac{1}{2}$) of the N. W. one-fourth ($\frac{1}{4}$) of section thirty five (35), and north half ($\frac{1}{2}$) of the S. W. one-fourth ($\frac{1}{4}$) of section thirty-five (35), in twp. one hundred and eighteen (118) N., of range sixty-four (64) west of the fifth (5th) principal meridian. (2) That said land is unoccupied and that no person resides thereon, and that the same is within the corporate limits of said city of Ashton, and upon the boundary thereof.   (3) That all of said land is farming land, and has been and is used solely for farming and agricultural purposes, and that no part of

said land has ever been platted or laid out into town lots or blocks. Wherefore your petitioner respectfully asks that all of said lands be disconnected and excluded from the said city limits of said city of Ashton; that the plat of said city be vacated as to said described lands. Dated this 16th day of April, 1902. Julius Weiland, petitioner." At the date of filing the foregoing petition, a copy thereof and a notice was served up on the mayor of the city, as follows: "Please take notice that the petition of Julius Weiland, a copy whereof is hereto annexed, and herewith served upon you, for the exclusion of certain real estate from the said city of Ashton, Spink county, S. D., was filed with the clerk of the circuit court in and for said county of Spink, on the 1st day of July, 1902; and you are further notified that a hearing on said petition will be had on the 14th day of July, 1902, before the court at the court house in the city of Redfield, in said county, at the hour of ten o'clock in the forenoon of said day, or as soon thereafter as counsel can be heard. Dated this 1st day of July, 1902. Julius Weiland, petitioner." On the date set for hearing, Hon. D. W. Pointdexter, mayor of the city of Ashton, moved in the circuit court, on jurisdictional grounds, to dismiss the proceedings, and this appeal is from an order overruling such motion.

The statutory provisions authorizing the detachment and exclusion of territory from incorporated cities and towns are a part of the Revised Political Code of 1903, and as follows:

"Sec. 1509. On petition in writing, signed by not less than three-fourths of the legal voters and by the owners of not less than three fourths in value, of the property in any territory, within any incorporated city or town, and being upon the border and within the limits thereof, the city council of the

city or the board of trustees of the town, as the case may be, may disconnect and exclude such territory from such city or town; provided, that the provisions of this section shall only apply to lands not laid out into city or town lots or blocks.

"Sec. 1510. No final action shall be taken by the city council or the board of trustees, as the case may be, upon any petition presented in pursuance of the provisions of sections 1508 and 1509 until notice of the presentation of such petition has been given by the petitioners by publication at least one in each week for two successive weeks in some newspaper published in the city or town where the petition has been presented; or if no newspaper be published in such city or town then in the newspaper published nearest to such city or town.

"Sec. 1511. Upon the failure of the city council or the board of trustees, as the case may be, to grant the request contained in a petition presented in accordance with the provisions of sections 1508 and 1509, for thirty days after the last publication of the notice provided for in section 1510, or upon a refusal to grant such request, the petitioners may present their petition to the circuit court of the county in which such city or town or the greater portion of it is situated, by filing such petition with the clerk of said court. Notice of such filing shall be served by the petitioners upon the mayor of the city or the president of the board of trustees of the town, as the case may be, together with a notice of the time and place when and where a hearing shall be had upon such petition, at least ten days before the date of such hearing. The hearing on the petition may be had at a regular or special term of the circuit court, or by the court in vacation."

When land lying within corporate limits is unoccupied and

unplatted, a petition addressed to the city council, signed only by the exclusive owner, was held sufficient, in the case of Coughran v. City of Huron, 17 S. D. 271, 96 N. W. 92. However, the city council cannot act upon any petition before the required notice of its presentation has been given, and it is only upon its refusal to grant the request or failure to act for thirty days after the last publication of the notice, that an application can be made to the circuit court.

The petition presented to the circuit court should be entitled therein, designating the parties plaintiff and defendant; and, in order to confer jurisdiction, it must affirmatively appear therefrom that all the preliminary steps before the city council have been taken in strict conformity with the statute. Without such a petition in the circuit court as the statute contemplates, and in the absence of anything to show compliance with its requirements as to notice, and the presentation of a petition to the city council, the motion to dismiss ought to have been sustained.

The order appealed from is reversed, and the case remanded for further proceedings.

HANEY, J., dissents.