HAMAKER, et al., Respondents, v. CITY OF HIGHMORE,
(Studt, City Auditor, Appellant.)

(185 N. W. 300.)

(File No. 4941.   Opinion filed November 22, 1921.)

1.  **Mandamus—Corporate Limits, Excluding Territory Therefrom, Petition For—Rejection of Request, File of Petition to Circuit Court, Which Petition—Statute.**

In manadmus to compel city auditor to file in Circuit court a petition for exclusion of lands from city limits, pursuant to Secs. 6555-6557, Code 1919, held, that the words "the petitioners may present their petition to circuit court," in Sec. 6557, refers, not to the petition theretofore filed with the governing body of the municipality (Sec. 6555-6), but to the new petition which may be filed upon failure of such body to grant request contained in the original petition, so filed; following Weyland v. City of Ashton, 17 S. D. 621; it being obvious that the petition to be filed in circuit court could not appear from the petition previously filed.

2.  **Appeals—Appeals From County Commissioners, Transcript on Appeal, Dissimilarity of Procedure Re Petition For Changing Corporate Limits—Statutes.**

While, under Sec. 5887, Code 1919, providing for appeals from decision of board of county commissioners, county aud-

itor is required to make and deliver to clerk of courts a transcript of the proceedings before the board, yet held, that such procedure does not apply (under Secs. 6555-6557, Code 1919), there being no provision in the latter law requiring or authorizing city auditor to transmit the petition to circuit court; and such petition, filed with municipal corporation should remain a file of city auditor's office.

McCoy, J., not sitting.

Appeal from Circuit Court, Hyde County.    Hon. JOHN F. HUGHES, Judge.

Proceeding in mandamus by M. C. Hamaker, and others, petitioners, against the City of Highmore, a municipal corporation, and Theo. H. J. Studt, Defendant's city auditor, to compel said auditor to file in the circuit court a petition for exclusion of certain lands from the city limits of Highmore.    From an order granting the writ, defendant city auditor appeals.

Reversed, with directions to dismiss proceedings.

*M. C. Cunningham,* for Appellant.

No appearance for Respondents.

GATES, J.    This is a mandamus proceeding to compel the city auditor of the city of Highmore to file, in the circuit court, a petition for the exclusion of certain lands from the city limits of Highmore, which petition was theretofore filed in said city auditor's office and was not acted upon by the governing body of the city during the 30-day period mentioned in section 6557, Rev. Code 1919.    The trial court granted mandamus, from which order the city auditor appeals.    The respondents have not appeared in this court.

[1]    We assume that the trial court, in granting the writ of mandamus, construed the words "the petitioners may present their petition to the circuit court," contained in said section 6557, to refer to the petition filed with the municipal corporation.    Those words have been construed by this court in Weiland v. City of Ashton, 17 S. D. 621, 98 N. W. 87, to refer to a new petition, and not the one filed with the municipal corporation.    In that case the court said:

"The petition presented to the circuit court should be entitled therein, designating the parties plaintiff and defendant; and, in order to confer jurisdiction, it must affirmatively appear therefrom that all the preliminary steps before the city council have been taken in strict conformity with the statute.    Without such a peti-

tion in the circuit court as the statute contemplates, and in the absence of anything to show compliance with its requirements as to notice, and the presentation of a petition to the city council, the motion to dismiss ought to have been sustained."

The matters that this court held must be contained in the petition to be filed in the circuit court could not appear from the petition filed with the municipal corporation. Manifestly a new and different petition is contemplated by said section 6557 as so interpreted.

[2] In appeals from decisions of the board of county commissioners, the county auditor is required to "make out a complete transcript of the proceedings of the board relating to the matter of its decision and deliver the same to the clerk of courts." Rev. Code 1919, § 5887. Similar procedure is required in the transfer of other proceedings from a tribunal to a court. In this kind of proceeding, however, there is no provision of law requiring or even authorizing the city auditor to transmit the petition to the circuit court. In the absence of such requirement or authorization, the petition filed with the municipal corporation should remain a file of the city auditor's office.

The order appealed from is reversed, with directions to dismiss the proceeding.

McCOY, J., not sitting.