Charlotte Roedler, a Minor, by Chas. F. Listeman, her Guardian, Appellee, v. Vandalia Bus Lines, Inc., Appellant.

Opinion filed September 16, 1935.

WHEELER, OEHMKE & DUNHAM, of East Louis, for appellant.

PHILIP G. LISTEMAN and JOHN M. KARNS, both of East St. Louis, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellee, a minor, suing by guardian, recovered a verdict and judgment for $28,500 in the city court of East St. Louis, against appellant, for personal injuries sustained by her as the result of a collision between a bus owned by the latter and a car in which appellee was riding as a passenger.

Numerous grounds are assigned for a reversal of the judgment. Appellant, previous to the trial, filed a motion to dismiss the suit, alleging that it was a corporation engaged in carrying passengers for hire; that its principal office was located in Madison county, Illinois, and had never been located in the city of East St. Louis, in the county of St. Clair; and for which reason the said city court was without jurisdiction to hear the cause. The motion was overruled, and appellant, in its answer, incorporated the grounds thereof as a defense to the action. Appellee made no objection to this being done.

The argument in support of the contention is that appellant is a quasi-public corporation, and hence can only be sued under the terms of paragraph 3, sec. 8, art. 2, of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 136, which is: "Actions may be brought against any public, municipal, governmental or quasi-public corporation in any county where the corporation is located"; and that its principal office being in Madison county, action against it can only be brought in such county.

Assuming that appellant is a quasi-public corporation, without, however, expressing any opinion as to whether such is the fact, it seems that the section does not support the claim of appellant. It will be observed that it provides that the action may be brought "in any county where the corporation is located."

In construing statutes, similarly worded, courts have held that the word "any," so used, is equivalent to and has the force of "every" or "all." *People v. Van Cleave,* 187 Ill. 125, 134; *Hopkins v. Sanders,* 172 Mich. 227, 137 N. W. 709; *Heyler v. City of Watertown,* 16 S. D. 25, 91 N. W. 334. Hence it would appear that the legislative intent was that such corporation could be sued in every county in which it was located. Had it been the intent that suit could only be brought in

the county where the principal office was located, it would seem that the legislature would have used the word "the" instead of "any" preceding the word "county."

The word "located," as we view the matter, used in conjunction with the expression "any county," refers to all counties in which the corporation has a place of business or exercises its corporate powers; and as the proof shows that appellant was operating in St. Clair county, we think the particular argument made, as to jurisdiction is untenable.

It is urged that the verdict is against the manifest weight of the evidence, and that it should have been set aside by the trial court. We have examined the evidence with care, and while constrained to say that the proof on the question of liability was close, and the jury might have found for either party, depending upon which testimony they believed, we think a fair question of act was raised by the proof, and that the court did not err in refusing to set aside the verdict as contrary to the manifest weight of the evidence.

Claim is made that the court erred in admitting medical testimony that appellee, as a consequence of injuries received in the accident, could never bear children in the normal way.

Such was claimed, in the amendment to the complaint, as one of her damages, and is recognized by the law as a proper element thereof. *Budek v. City of Chicago,* 279 Ill. App. 410. Appellant urges that such was not competent until there was antecedent proof that she had, previous to the injury, possessed the capacity to normally bear children, and bases its contention upon the theory that if she did not possess such ability, she could not lose it; hence, before showing that she lost such function, it must first appear that she had possessed such power.

In 9 Encyclopedia of Evidence, 894, the rule is stated: "In the absence of circumstances showing the

contrary, a person is presumed to be in the possession of the normal faculties of mind and body.'' One of the normal faculties of womanhood is the ability to bear children in the ordinary way; consequently, within the rule as stated, the presumption existed, in the absence of countervailing proof, that appellee, previous to the injury, possessed such capacity. We think the proof was properly admitted.

The trial court overruled appellant's motion to withdraw from the jury the ninth paragraph of the complaint as amended, which was to the effect that at the time of the accident there was in force in this State, par. 41 of ch. 95a, Cahill's Revised Statutes, and that appellant negligently disregarded same and drove its bus to the left of the center of the beaten track of the highway in question, and against the automobile in which appellee was riding. The section so set forth requires that whenever a motor vehicle on a public highway meets any other vehicle, each shall be turned seasonably to the right of the center of the beaten track of such highway, so as to pass without interference.

The ruling is assigned as error, for the reason that there was no evidence justifying such paragraph being considered by the jury. The answer to this contention is that the court, in its charge to the jury, informed the latter that appellee relied upon the provisions of such paragraph as one of the grounds of recovery. Appellant made no objection to this portion of the instructions, and by the terms of sec. 67 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 195, thereby waived its right to question same as a proper element of the charge. Having permitted the court, without objection, to advise the jury that the paragraph in question was one of the grounds upon which appellee depended to prevail in the suit, we think appellant cannot now claim to have been harmed

by the overruling of its motion to strike such portion of the complaint.

The failure of the court to incorporate in its charge four suggestions of appellant is also urged as error; the first of which, defining the duty of a guest passenger to use ordinary care for her own safety, advised that if the driver of the car, at the time of and just before the accident, was negligent and thereby caused or proximately contributed to the injury, that appellee knew of such negligence, "and had an opportunity to do so but did not take precautions to guard against injury," and thereby as a consequence sustained damages, she would not be entitled to recover.

It will be noted that the suggestion recites that if appellee, knowing of the situation, "did not take precautions to guard against injury." The precautions required, under such circumstances, were reasonable and prudent efforts to avoid danger. *Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590, 595. The suggestion did not define the degree of precaution. It should have done so; hence the court properly rejected it.

Number two, among other things, provided that if appellee knew, or, by the exercise of ordinary care, could have known, that the car in which she was riding was being negligently driven, and notwithstanding rode on without objection as to the manner of driving and was thereby injured, and that in so doing she failed to exercise ordinary care for her own safety at the time of and just before the collision, then the verdict should be for the defendant.

It is only the negligence of appellee, which contributed or proximately contributed to the injury, which would prevent her recovery. The suggestion fails to contain such essential element. "Where the court directs a particular verdict, if the jury find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict." *Illinois Iron*

*& Metal Co. v. Weber,* 196 Ill. 526. This the suggestion did not do, and the court was not bound to adopt it.

The third defined the duty of a guest passenger in an automobile, where she has opportunity to learn of danger and avoid it, to warn the driver of the vehicle of such danger, and that she has no right to omit reasonable and prudent efforts to avoid danger; and then requires that if the jury find that the driver was operating the car negligently, that appellee, in the exercise of ordinary care, would have known such, "and if she failed to warn the driver of the Chevrolet of such danger, and if her failure to warn the driver of the Chevrolet was negligence on her part," and as a result it caused or proximately contributed to cause the accident, the jury should find the defendant not guilty. This suggestion is also peremptory in its character, and directs a verdict upon a finding of certain facts. It required appellee to warn the driver, if she, in the exercise of ordinary care, would have known that the car was being negligently driven, "of such danger." It did not limit the jury to danger of collision with appellant's bus, but left them to conjecture what danger was intended. Moreover, it did not require the jury to find that any danger, in fact, existed, but assumed that danger was present. The mere fact that the car was being negligently driven did not create any necessary inference of danger. We think it should have required the jury to find that danger in fact existed; that being peremptory, and lacking an essential element, it was properly refused. *Illinois Iron & Metal Co. v. Weber, supra.*

The last rejected suggestion was to the effect that even if the bus driver was negligent, yet if the jury further found that appellee, by the exercise of ordinary care in looking out for danger, could have avoided the accident complained of, and negligently failed to do so, and thereby caused or proximately contributed

to cause the injury, then appellee could not recover. This suggestion correctly stated the law. The principles contained therein, however, were embodied in the charge as given. ''A legal principle suggested for an instruction may properly be refused where the same has been repeatedly stated in the charge.'' *England v. Fawbush,* 204 Ill. 384; *Shorb v. Webber,* 188 Ill. 126.

In our opinion the court did not err in refusing to amend its directions as to the law of the case.

As previously observed, the verdict upon which the judgment is based was for $28,500; and appellant earnestly insists that this amount is so excessive as to indicate that the jury were moved by sympathy or prejudice, and that the verdict did not reflect their unbiased judgment.

Appellee, as a result of the accident, sustained five pelvic fractures, and suffered much pain. The proof shows that for six months following the injury she would be obliged to remain in bed, a considerable portion of the time in a cast, and that thereafter she could take light exercise for another six months, following which she would be able to walk freely. It appeared that the bones have united, with no permanent effects therefrom, and that the pelvic area will be decreased and the contour of the body will be somewhat flatter, not noticeable, however, through clothes.

As to the loss or impairment of bodily functions, the proof is sharply conflicting, and expert medical witnesses, who testify for appellee, are at variance and disagree as to same.

Dr. Kaeser, for appellee, the attending physician, testified that in the course of time he was of opinion that she would walk without limping. Dr. Hurd, called at her instance, stated that he thought she would limp, and that such would be permanent. He, however, had not seen the patient, and only testified from an exami-

nation of the X-ray plates as to her injuries. Dr. Harrison, a witness for appellant, from a reading of such plates, stated that he saw nothing therein which would cause him to believe that appellee would walk with a limp. Dr. Rives, for appellee, who visited her once, at the instance of her attorneys, evidently for the purpose of qualifying as a witness, and made an examination while she was still in the cast, and who also examined the X-ray pictures, gave it as his opinion that due to the decreased diameter of the pelvis, she would never be able to bear children in a normal way. Dr. Kaeser, appellee's witness, testifying on this proposition, stated that while the pelvic room was decreased as a result of the injury, it would be problematical as to whether such fact would interfere with childbirth.

Thus it is seen that the medical proof, on the two principal items of the claimed damage, is not in accord, and that the doctors differ in their opinions as to the future effects of same.

While the determination of the jury, as to the amount of unliquidated damages, is entitled to much weight, and is not to be lightly disturbed, a verdict fixing the compensatory damages at so large a sum should not rest upon uncertainty or conjecture; but it must appear that the effects claimed are the probable consequences of the injury, and are reasonably certain to result. *Lauth v. Chicago Union Traction Co.,* 244 Ill. 244; *Lake Shore & M. S. Ry. Co. v. Conway,* 169 Ill. 505; *Chicago City Ry. Co. v. Henry,* 62 Ill. 142.

In view of the uncertainty as shown by the evidence, we feel that the verdict is excessive, and that the court should have sustained the motion for a new trial. Where the damages allowed are so excessive as to indicate they were found as the result of sympathy, prejudice or some other improper consideration, the error cannot be cured by a remittitur, for the reason

that the finding of other material facts, essential to the issue, if not the issue itself, may have been influenced by such improper elements. *Wabash Ry. Co. v. Billings,* 212 Ill. 37; and as held by this court in *Lindenberger v. Klapp,* 254 Ill. App. 192.

For which reason the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*