Harry I. MILLER, Plaintiff,

v.

Richard T. PARSONS and Board of Trustees of Lock Haven State College, Defendants.

Civ. No. 70-23.

United States District Court,
M. D. Pennsylvania.

June 5, 1970.

Campana & Campana, Williamsport, Pa., for plaintiff.

Robert F. Seaker, Asst. Atty. Gen., Warren G. Morgan, Deputy Atty. Gen., William C. Sennett, Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

Before the court is a motion of the defendants Richard T. Parsons and Board of Trustees of Lock Haven State College to dismiss the complaint herein for failure to state a claim, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The complaint, a civil rights action under 42 U.S.C. § 1983, alleges a violation of "plaintiff's civil right to teach" and further avers, in substance, that plaintiff's First, Fifth, and Sixth Amendment rights have been violated as guaranteed

by the Due Process Clause of the Fourteenth Amendment by reason of his dismissal from teaching at the Lock Haven State College.

Defendants, having moved for dismissal without filing an answer to the complaint, rely on the arguments that the "right to teach" is not enumerated in the Bill of Rights; that the Civil Rights Act is applicable "only in cases where dismissal from public employment is alleged to be discriminatory because of racial or religious overtones"; and that defendants are an Administrative Officer and Departmental Board of the Commonwealth of Pennsylvania, not "persons" within the meaning of § 1983.

Whether or not there exists a "civil right to teach" or a right to public employment including tenure in such public employment is an issue which we need not reach at this time. Pred v. Bd. of Public Instr. of Dade Co., Fla., 415 F.2d 851 (5th Cir. 1969).

■ The court, upon a motion to dismiss for failure to state a claim upon which relief may be granted, construes all well-pleaded material allegations in the complaint as being true and admitted for purposes of the motion, unless clearly unwarranted. Only when it appears to a certainty that no basis for relief is present under the stated facts to support the claim may the court dismiss due to the insufficiency of the claim. 2A Moore, Federal Practice § 12.08 (2d ed. 1968).

■ Without considering the merits of the alleged facts in plaintiff's complaint, it is clear that a prima facie case has been established. And, as reiterated in Scher v. Bd. of Educa. of Town of West Orange, 424 F.2d 741 (3d Cir. 1970), " 'A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' Holmes v. N.Y.C. Housing Authority, 398 F.2d 262, 265." (2d Cir. 1968).

In Scher the Third Circuit clearly rejects defendants' suggestion that only cases involving "racial or religious overtones" are cognizable under 42 U.S.C. § 1983.

A question arises as to whether defendants are proper "persons" within the scope of § 1983 and whether or not the defendant parties are entitled to the benefit of the Eleventh Amendment immunity of the states.

■ The court is under a duty to determine whether the State is the real party in interest against whom the relief is sought. Pa. Turnpike Comm'n v. Welsh, 188 F.2d 447 (3d Cir. 1951). The pleadings are the sole criteria upon which the court makes its determination, but a determination must be made as to the impact of judgment. State Tax Comm'n v. Kennecott Copper Corp., 150 F.2d 905 (10th Cir. 1945), aff'd, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862.

The caption of the complaint indicates that plaintiff seeks relief from "Richard T. Parsons, and Board of Trustees of Lock Haven State College." Paragraph 2 of the complaint indicates that "defendant Richard T. Parsons, is President of Lock Haven State College, who resides at Lock Haven, Pennsylvania. Defendant Board of Trustees of Lock Haven State College is situate in the Middle District." There is no indication whether or not defendant Parsons is sued individually, and/or in his official capacity as College President. The court construes the loosely drawn complaint as an effort to sue Parsons both individually and in his official capacity.

As to the Board of Trustees of Lock Haven State College, it appears that since the complaint seeks relief against the collective body of the Board solely and not its individual members, the plaintiff is seeking relief against the Board solely in its official capacity.

■ The doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) as expressed in Bd. of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8th Cir. 1968), is applicable to

**1152**

the within action. A civil rights action seeking relief from a college president and board of trustees is not within the prohibited scope of actions against the state as proscribed by the Eleventh Amendment.

The defendant Parsons, named individually and in his official capacity, is a proper "person" against whom a civil rights action may be initiated; however, the action against the Board of Trustees of Lock Haven State College is dismissed without prejudice, with leave to amend the complaint pursuant to Rule 15(a). Pred v. Bd. of Public Instr. of Dade Co., Fla., *supra*.